JOSIAH FISK v. G. W. HOLDEN.

Where the evidence would not have warranted the jury in finding for the appel-
lant on a particular issue, this Court will not revise the giving or refusal of
instructions in respect to that issue.

See this case for evidence which was held to be insufficient to warrant the jury in
finding a tender of payment in specific property.

A tender of specific articles, or goods, only exonerates the party from responsi-
bility for their safe keeping. As long as he continues in the possession of the
goods he will be bound to deliver them on demand. And if he should dis-
pose of them for his own benefit, he will be responsible for the proceeds; or
rather, perhaps, his liability will continue, at the option of the adverse party,
the same as if a tender had not been made.

Where a tender is not made in good faith, that is where it is proved that the per-
son making the tender, afterwards said that he did not intend to let the per-
son to whom it was made, have the property if he had agreed to take it, it is
not a valid tender.

Where the jury found "for the plaintiff the amount of the note, $100," and the
judgment was rendered on the same day for $105 66, "principal debt and in-
terest," the judgment was affirmed, on the ground that the interest followed as
an incident to the principal amount.

Appeal from Travis. Tried below before the Hon. Thomas
H. DuVal.

Suit by appellee against appellant, commenced in a Justice's
Court, on a promise in writing as follows: I promise to pay
G. W. Holden or order one hundred dollars, which may be
discharged by delivering to him the mare which I got of him,
or any other nag worth one hundred dollars. If the nag
which I tender him is not worth a hundred dollars, I am to
pay him the balance in cash. The horse or mare to be deliv-
ered at the Spring Term of the Burnet District Court. No-
vember 23rd, 1854. (Signed by the defendant.) Judgment
in the Justice's Court for the plaintiff. Certiorari by the de-

fendant. The evidence at the trial in the District Court was as follows :

Plaintiff gave in evidence the promise upon which the suit was brought.

The defendant then proved by John Hall, that he heard a conversation between the defendant Fisk and Mr. Hale at the Spring Term of the Hamilton District Court, 1855, when said Fisk offered Mr. Hale a horse which he had in his stable in payment of a certain note that he had on Fisk for one hundred dollars. Hale said that he would not have anything to do with that horse. Then Fisk told him that he would let him have any horse that he had in Hamilton at that time. Hale said that he would take one horse that was mentioned between them at valuation ; and he thought the horse was at Blalock's.

The defendant proved by Willis Blalock that he saw the defendant Fisk offer to Mr. Hale, during Court week, a sorrel horse for one hundred dollars ; that said Fisk had, at Hamilton, during the Spring Term, 1855, of the District Court, three nags, one sorrel horse, one sorrel mare, and a bay horse ; that the two horses in trade were worth one hundred dollars each, and the mare worth one hundred and twenty-five dollars cash. Fisk left the horse tendered to Hale at Hamilton, having sold it to Brantly. When the horse was brought up for Hale, Fisk told him he might have the horse for the debt. Hale said he would not give that for the horse, that he would prefer the Holden mare. Fisk proposed to send the mare to Hale, saying that the horse was the more valuable. Hale did not consent, but asked why he had not brought the mare instead of the horse. Fisk replied that the mare was thin, and he supposed the horse would suit Hale best, as he was in good order, and that it was inconvenient to bring the mare, as he would have to lead her.

The plaintiff proved by John McFarland, that Hale and Fisk went to look at the horse ; that Hale did not think the horse worth one hundred dollars, and refused to take him in satisfac-

tion of the note, and, as the witness thought, Hale offered to take him at a valuation, which Fisk would not agree to, saying that he would send for the mare, that the horse was worth as much as the mare and the mare was not worth one hundred dollars ; that it was no money dealing and he would send for the mare ; that Fisk next morning told witness that he had sent for the mare : that the horse offered by Fisk was worth about eighty dollars ; that the mare was worth one hundred dollars ; that Fisk offered the bay horse for the debt; the bay was worth, if healthy, one hundred dollars ; that Hale had the note in his possession at the time the horse was offered.

The plaintiff proved by Gray, that Fisk said he did not intend to let Hale have the mare then at Hamilton, if he had agreed to take her.

The Judge instructed the jury as follows :

If the jury believe from the evidence, that, at the time Fisk and Hale met to settle the debt, Fisk agreed to go home and send him a certain mare to pay the debt, and Fisk has failed to prove that he did send him the mare, they must find for the plaintiff.

The following instructions were given at the request of the plaintiff :

1st. That to entitle the defendant to a verdict, the jury must believe from the evidence, that the said defendant appeared at the time and place, when and where the note was payable, and made a tender of a horse or mare worth the sum of one hundred dollars in money.

2nd. That to discharge a note payable in property, the property must be tendered at the time and place where the note is payable, and that to tender property which is at a different place from where said note is payable, is not a good tender in law, and will not discharge the note.

3rd. That before the demand of a pretended agent can be received as valid in law, the fact of his agency must be proved.

4th. That to entitle the defendant to a verdict by reason of

the tender to Hale, the jury must believe that Hale was the agent and fully authorized to receive the horse from defendant.

5th. If the jury believe from the evidence, that the defendant has kept and converted the horse, or horses, that he alleges he tendered to plaintiff, to his own use, they must find for plaintiff provided the tender was not made according to the contract ; or if the jury believe the alleged tender was not made in good faith by defendant, they will find for the plaintiff.

The following instructions were given at the request of the defendant :

That if they believe from the testimony, that the defendant was ready at the time and place mentioned in the note, with a horse of the value of one hundred dollas, ready to pay the same in satisfaction of said note, the plaintiff cannot recover unless he proves that he was there, by himself or agent, ready to receive said property, or afterwards made a demand of the same from the defendant and the defendant refused to pay the same.

2d. If they believe from the testimony that the defendant tendered to an agent of the owner of said note a horse worth a hundred dollars, and the same was refused by the said agent, they must find for the defendant.

The following instruction was asked by the defendant and refused.

If Mr. Hale had the note in his possession, and called upon the defendant in regard to the note sued on, and negotiated in regard to said note, they have a right to infer that said Hale was acting as the agent of said plaintiff.

There was a bill of exceptions by plaintiff to the first instruction given by the Court of its own motion, and to the refusal of the last instruction asked by defendant.

Verdict as follows :   We, the jury, find for the plaintiff the amount of the note $100, this the 17th January, 1856.   On this verdict, the Court same day entered judgment for $105 66,

"principal debt and interest up to the rendition of this judg-
ment." Motion for new trial overruled.


*M. H. Bowers*, for appellant   The proof of tender con-
stituted a good defence to the action to enforce the payment of
the note in money. (Robinson v. Batchelder, 4 N. H. 40 ;
Robins v. Luce, 4 Mass. 474 ; Jewell v. Bacon, 6 Id. 60 ; Cur-
rier v. Currier, 2 N. H. 75 ; Chit. on Con. 623, note 1.)

The instruction given at the request of plaintiff, though per-
haps good in point of law, was improperly given in this con-
nection, and was calculated to mislead the mind of the jury.
Hale having possession of the note, and being present with it,
at the time and place it was to be paid, and representing him-
self as the agent of the plaintiff, Holden, was sufficient evi-
dence of his (Hale's) agency, without further proof.   (Story's
Agency, 98 ; Matthews v. Hyden, 2 Esp. 510.)

The obligation being in the alternative, to deliver property
or pay money, in order to entitle the plaintiff to recover in his
action to enforce the payment of the note in money, it was
necessary that he should show a demand made for the property
at the place where the note was to be paid when it became
due.   (Baker v. Jones, 8 N. H. 413.)

The only demand shown was that made by Hale.   If Hale
was not the agent of plaintiff Holden, then there was no de-
mand made.   (Story on Agency, 247 ; Freeman v. Boynton, 7
Mass. R. 483 ; 18 Johns. 230.)

The statement of facts shows that the defendant was at the
place appointed, in person, ready with the property to comply
with his contract.   This must release him from all responsi-
bility on the note, unless plaintiff made a subsequent demand
of the property, before suit brought.   (Chitty on Con., 623,
note 1 ; 4 Mass. 474 ; 6 Mass. 60 ; 2 N. H. 75.)

For the reasons heretofore shown, the 4th instruction of the
Court was improperly given to the jury.

Fisk v. Holden.

The 5th instruction given for the plaintiff was also wrong and calculated to mislead the jury.

The question as to whether the tender made by defendant of the property in satisfaction of the note was made in good faith or not, could not enter into consideration. The very best way in the world to test the faith of the tender was for the plaintiff, (or his agent, Hale) to offer to accept of it. But as he did not see proper to apply this test it was not proper for the jury to inquire into it.

The judgment was not responsive to the verdict, but was for a greater amount than the verdict.

WHEELER, J. The material question is whether the defendant proved upon the trial a tender according to the terms of his contract. We are of opinion that he did not. For the proofs in the case we must look to the statement of facts, and not to any depositions in the record not referred to, or in any way made a part of the statement of facts. We there find evidence of the tender of either one of two horses, if received in full satisfaction of the debt. None other is proved to have been tendered, and neither of these to have been of the required value. One witness estimates them to be worth each one hundred dollars in trade ; but that was not what the contract required. It called for a horse worth a hundred dollars ; which, unless there had been some qualification expressed, must be taken to mean so much money. Another witness thought one of the horses worth eighty dollars, and the other " supposing the horse to be healthy," he thought worth a hundred dollars. But no witness proved the condition on which he supposed the horse to be worth that sum. This was all the evidence touching the value of the horses ; and it manifestly was not sufficient to warrant the jury in finding the fact proved, that the defendant tendered a horse worth a hundred dollars. Nor was there any proof of a tender by the defendant, of any amount to make up the deficiency ; which the terms of the

contract required. On the contrary he declined the offer, made in behalf of the plaintiff, to receive one of the horses at its valuation.

There was, therefore, no sufficient tender of performance of either of the conditions of the contract. If there had been, it would not have operated an absolute discharge of the defendant from liability on the contract. Such is not the effect of a tender and refusal. In the case of a tender of money, it only discharges the subsequent interest and costs. And in case of specific articles, or goods, it only exonerates the party from responsibility for their safe-keeping. As long as he continues in the possession of the goods, he will be bound to deliver them on demand. And if he should dispose of them, he will be responsible for the proceeds. The party making the tender has an election to consider the property in the goods changed, and to become the bailee for the creditor, or to affirm the property to continue in himself, and become answerable for its value. If he elect to consider the property changed, it will remain in his possession at the charge and risk of the creditor, and subject to his direction. The debtor cannot, in the character of bailee, dispose of it for his own benefit ; for by doing so, he elects to treat it as his own, and will be answerable for its value. It is unnecessary to pursue the subject, with a view to the application of these principles to this case ; for it is evident, there was no sufficient proof of a tender of performance of the contract, according to its terms and import. And for the same reason it is unnecessary to revise the charge of the Court ; since if erroneous, it can have operated no injury to the defendant ; for under no instructions which might properly have been given, would the jury have been warranted in finding a verdict in his favor.

The jury having found for the plaintiff the principal sum specified in the note, interest followed as an incident, and was rightly included in the judgment. The judgment is affirmed.

Judgment affirmed.