Eads *v.* Retherford *et al.*

No. 13,193.

EADS *v.* RETHERFORD ET AL.

|114 273|
|119 135|
|114 273|
|133 556|

TAXES.—*Real Estate.*—*Error in Naming Owner Upon Duplicate.*—*Lien.*—An inaccuracy in naming the owner of land upon the tax duplicate, does not invalidate the tax lien.

SAME.—*Tenants in Common.*—*Contribution.*—One to whom land has descended jointly with other heirs, may pay the taxes upon the entire tract and enforce contribution from the other tenants in common.

From the Madison Circuit Court.

*A. Ellison* and *H. D. Thompson,* for appellant.

*F. A. Walker* and *E. P. Schlater,* for appellees.

ELLIOTT, J.—The appellant alleges in his complaint that, in the year 1865, Burkett Eads died, the owner of the real estate in controversy; that he left as his heirs the appellant and Letha A. Retherford; that, in the year 1874, Letha A. Retherford died, the owner of one-half the real estate of which Burkett Eads had died seized; that the land was entered on the duplicate for taxation in the name of "Burkett Eads' heirs;" that partition of the land has never been made; that the appellant, since 1867, has been compelled to pay taxes on the entire tract of land, and to redeem from tax sales; that the amount paid by him is one hundred and seventy-two and $\frac{55}{100}$ dollars. Prayer that the plaintiff be adjudged to have a lien on the land for the taxes and interest, and that his lien be foreclosed and judgment awarded him.

The taxes were not invalidated by the method in which the owner's name was entered on the duplicate. An error in listing the taxes does not destroy the lien nor relieve the owner from paying them. Persons who own land are chargeable with knowledge that it is liable to taxation; and if they neglect to pay what they know it is their duty to pay, they can not escape liability on the ground of some error or inac-

curacy in naming the owners; at all events, not upon such an inaccuracy as that shown by the complaint. The authorities settle this question. *Noble* v. *City of Indianapolis*, 16 Ind. 506, and cases cited; *Sloan* v. *Sewell*, 81 Ind. 180; *Jenkins* v. *Rice*, 84 Ind. 342; *Carr* v. *State*, etc., 103 Ind. 548, and cases cited.

There was, therefore, a valid lien against the land, which the appellant, as the owner of an undivided part of it, had a right to pay; and the only question is, can he rightfully call upon his co-tenants to contribute? The question here is not, as counsel suppose, whether one tenant in common can acquire a title through a sale of the land owned in common for taxes, but whether he can compel his co-tenants to pay their share of the taxes. The case of *Page* v. *Webster*, 8 Mich. 263, is, therefore, not in point.

The general rule undoubtedly is, that one tenant who has paid an encumbrance may compel contribution from his cotenants. 1 Story Eq. Jur., section 505; Freeman Cotenancy, sections 322, 512. This is a sound and salutary rule, and we can not conceive why it should not apply to this case, for the taxes were a burden on the land from which it could be relieved only by payment. Judge Cooley does apply the general rule to such cases as this, for he says: "Each tenant in common is bound to pay the tax on his own interest; but if one is compelled to pay upon all, he may charge the interest of his co-tenant with the proportionate part which such co-tenant should have paid." Cooley Taxation (2d ed.), 467.

It may, perhaps, be true that, under our statute, the appellant might have elected to pay the taxes on his undivided half of the land, but he was not bound to pursue this course. He had a right to pay all the taxes and prevent a sale of any part of the land. Taking all the sections of the statute together, the reasonable construction is, that one to whom land descends jointly with other heirs, may either pay the taxes due on his undivided interest in the land or he may pay all the taxes and enforce contribution. Either this construc-

tion must be adopted, or many clear provisions of the statute be overthrown. Section 6321, R. S. 1881, may be taken as an example of other similar provisions scattered through our voluminous and confused revenue laws. In that section it is written: "Each heir or devisee shall be liable for the whole of such tax, and shall have a right to recover of the other heirs or devisees their respective proportions thereof, when paid by him, and interest thereon; and the lien for the proportion of taxes paid on the different shares of the land shall vest in the person who pays the taxes." It is very clear, therefore, that neither the statute nor the general rule of law gives any support to the appellee's claim that the appellant is a mere volunteer.

Whether the complaint does or does not claim too much interest, or whether it does or does not claim for taxes barred by the statute of limitations, are questions not presented; for, as the complaint entitles the plaintiff to some part of the relief prayed, and in the form it is demanded, it is sufficient to repel a demurrer. *Bayless* v. *Glenn*, 72 Ind. 5.

Judgment reversed.

