THE BURNES ESTATE, Plaintiff, v. OLIVIA C. PORTER et al., Respondents, THE AYR LAWN COMPANY, Appellant.

### Kansas City Court of Appeals, December 4, 1899.

1. **Partition:** ESTOPPEL: TWO CORPORATIONS WITH SAME OFFICERS. In a partition proceeding in which B. corporation is plaintiff against certain heirs, ·L. corporation, which after decree interpleads as to certain matters of rents, etc., is not estopped to set up its claim to such rents by the fact that B. corporation in the proceedings for the decree had successfully objected to any evidence relating to said rents, even though the two corporations have the same officers.

2. ———: RENTS IN COMMON: MORTGAGEE IN POSSESSION: PARTIES: TAXES AND REPAIRS. Where a mortgagee of an undivided interest in realty is in possession and is compelled for the protection of the entire estate to pay out money for taxes and repairs he has an equitable lien against the other interests for reimbursement for such necessary expenditures; and in an action between the mortgagor's grantee and the other tenants in common said mortgagee is a proper party for the purpose of enforcing against such cotenants their proper proportion of such expenditures.

3. ———: MORTGAGEE IN POSSESSION: LIEN FOR EXPENDITURES: SPLITTING DEMANDS: COTENANCY. The lien of a mortgagee in possession for necessary outlays in protecting the estate, becomes a part of the mortgage debt and expires with the foreclosure; but a foreclosure can not interfere with the mortgagee's lien on the interest of the other tenants in common for necessary expenditures.

Appeal from the Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

REVERSED AND REMANDED.

## STATEMENT BY GILL, J.

This is a suit for the partition of certain real estate in St. Joseph. The controversy here is not as to the title of the property, but as to whether or not The Ayr Lawn Company, a corporation, should be allowed to come into the case as a party defendant and share in the proceeds, because of having paid certain taxes, etc., on the undivided half interest owned by the other defendants.

The facts are somewhat complicated, but to a full understanding of the case it seems only necessary to state, that in the year 1886, W. H. Rush, Sr., died owning the property mentioned and leaving six children as heirs—or rather as devisees under a will. Subsequently three of these children, for moneys borrowed, executed a mortgage on their own half interest in the property to the Ayr Lawn Company. In November, 1894, the Ayr Lawn Company and the executor of the Rush estate entered into an agreement—reciting the mortgage indebtedness of the three Rush heirs, that the Lawn Company had paid off certain tax incumbrances and thereby saved a forfeiture of the property and that certain other taxes were also due and unpaid—and it was then agreed that the Lawn Company should, as a mortgagee after condition broken, take possession of the real estate, collect the rents and apply same, first to the payment of all taxes and necessary repairs, including such as had already been paid, and the balance of said rents if any was to be divided between the executor and said Lawn Company, the amount received by the latter to be applied on the debt against said three heirs. It may be well also to state here that the executor of the Rush estate was by the will of the deceased authorized to take charge of the real

estate, collect the rents, etc.   In pursuance of this agreement between the executor and the Lawn Company the latter took charge of the property, collected the rents, made necessary repairs and paid the taxes until June 18, 1896, when the undivided half of said real estate was sold in a foreclosure sale of the lawn company's mortgage, and the plaintiff Burnes estate, a corporation, became the purchaser.   During said time however, the Lawn Company, mortgagee in possession, paid out for redemption from tax sales, taxes levied and repairs about $1,100 more than it received.

The Burnes estate, a corporation, brought this action in partition claiming the one-half interest in the real estate and alleging that defendants (three of Rush's children and their descendants) were owners of the other half.   The title was so adjudged by the court—a part of the property was divided in kind by the commissioners, but a portion was reported not susceptible to division in kind and such portion was therefore ordered to be sold so that the proceeds might be divided, half to the plaintiff Burnes estate, and the other half to the defendants.

Thereupon, at the January term, 1899, of the Buchanan county circuit court, the Ayr Lawn Company presented its petition to the court asking that it be made a party defendant in the case.   In said application the facts above stated were set out in substance, and it was prayed that said lawn company be made a party and allowed to participate in and receive out of the proceeds of the property sufficient to recompense it for the taxes, etc., paid by it to protect the property.   The defendants contested the alleged right of the Lawn Company, and on a hearing of the application, the court refused to admit said lawn company as a party defendant.

It becomes necessary to state further that the court appointed a referee to take an account of the rents and profits received, as well as the expenditures incurred by the Burnes estate during its control of the property, and that said referee

made his report thereof. Said referee took no account of such matters occurring prior to the mortgage sale June 18, 1896, when a half interest in the property was purchased by the Burnes estate. I mention this simply to throw light on the judgment entry made by the trial court which in the record reads:

"That thereupon the court held that the evidence showed that the officers of the Burnes estate, plaintiff in this case, and the Ayr Lawn Company were the same individuals and that upon the hearing before the referee, counsel for Burnes estate objected to the defendants herein introducing evidence of rents received and expenditures made prior to the 18th day of June, 1896, that said Ayr Lawn Company is now estopped from asserting its rights to the moneys expended upon and for the preservation of said land prior to said 18th day of June, 1896, and from being made a party defendant in this suit, and thereupon overruled said application of the Ayr Lawn Company to be made a party defendant, to which action of the court in overruling said application the said Ayr Lawn Company then and there excepted at the time."

*Brown & Dolman* for appellant.

(1) There was no money arising from rents and profits while appellant was in possession to pay the amount paid for redemption, and it is here contending simply that it has the right to come into this case and have the portion that went to benefit the title of defendants paid out of the proceeds of the sale of their part of the land. R. S. 1889, secs. 7137, 7135, 7134; 2 Jones on Mort., sec. 1080 and cases cited. And he may even have a preference to that extent over prior incumbrancers whose liens the payment was served to protect. 2 Jones on Mort., sec. 1134. (2) And even in the absence of any contract for that purpose the mortgagee in possession is entitled to allowance for repairs, and the fact that the necessary repairs of the premises exceed in cost the amount of the rents

and profits is no objection to their allowance. 2 Jones on Mortgages, sec. 1129; Bollinger v. Chouteau, 20 Mo. 89. It is the duty of the cotenant to sustain and protect the common title. Hinters v. Hinters, 114 Mo. 26; 2 Jones on Real Property, sec. 1853; Eads v. Rutherford, 114 Ind. 273; Moon v. Jennings, 119 Ind. 130, 134; Fischer v. Eslaman, 68 Ill. 78.

*James W. Boyd* for respondents.

(1)   The claim of the Ayr Lawn Company, secured by the alleged deeds of trust, constitutes its only claim to any remuneration for paying taxes on said land. The claim for taxes, if any were paid by the Ayr Lawn Company, was but an incident to the original indebtedness, and when the deeds of trust were foreclosed to satisfy the original indebtedness, the said Ayr Lawn Company had no further right, title or interest in and to said land, or any part thereof, nor did it have thereafter, if it ever had, any claim or lien against said land, or any part thereof, on account of the alleged payment by it of said taxes. When the mortgage is ended the mortgagee's claim based thereon or growing out of the mortgage is also extinguished. Hitchcock v. Merrick, 18 Wis. 375; Johnson v. Payne, 11 Neb. 279. (2)   In deciding appellant's application to be made a party to the suit, the court found by the evidence taken before the referee that the Burnes estate and the Ayr Lawn Company were practically one and the same thing, having the same president, manager, secretary, treasurer, bookkeeper, and having their accounts kept in the same book, intermingled with each other, and that Mr. L. C. Barnes, the president, manager, controller and business director of both of these corporations was present during the time the referee was hearing the case before him, and objected to any account taken prior to June 18, 1896, on the ground that whatever claims may have existed prior to that time, were claims which existed only between the executor of the estate of William M. Rush, Sr., deceased, and the Ayr Lawn Com-

pany.    This contention on the part of the Ayr Lawn Company, represented before the referee by Mr. Burnes and his attorneys in the case was sustained by the referee, and a reference to the provisions of the will, will discover the grounds upon which this contention was made by Mr. Burnes, and sustained by the referee.    (3)    We also contend that where the statutes give a right to a cotenant to pay the taxes upon his undivided interest separately from the payment of taxes upon the other interest, and that he has not by statute been made liable for all the taxes, he would have no lien under any circumstances for the payment of the taxes due from his cotenant, and that taxes so paid by him are voluntarily paid, at least to the extent that he can thereby require no lien upon the title of his cotenant for reimbursement.

GILL, J.—I.    It seems proper, in the first place, to notice the ground upon which the court denied the application of the Ayr Lawn Company to become a party defendant in this suit.    The record above quoted shows, that the trial court entertained the view that, because the plaintiff Burnes estate (a corporation) and the Ayr Lawn Company had the same persons as officers, therefore the latter corporation was estopped by the conduct of the former.    Or, to be more specific, because the Burnes estate, through its counsel, and at the hearing before the referee, objected to an accounting of the rents and expenditures prior to June 18, 1896 (when said Burnes estate purchased the property under the foreclosure sale) that therefore the Lawn Company was "estopped from asserting its right to the moneys expended upon and for the preservation of said land prior to said 18th day of June, 1896."

With all deference to the trial judge we must reject the above as a valid reason for denying the Lawn Company's application.    The record shows that the Burnes estate and the Ayr Lawn Company are separate and distinct corporate entities.    The same persons it seems fill offices in the two cor-

porations, but they were separately organized and the stock-holders are different. The Burnes estate corporation is and has been since the institution of this suit, a party thereto (the plaintiff), it was in court and present at the hearing before the referee, while the Ayr Lawn Company was not. Nothing that was said or done then by the former in the investigation before the referee can be used to estop the latter. The counsel representing the Burnes estate in that inquiry can not, in any sense, be deemed the representative of the Lawn Company. More than that the Burnes Estate corporation, who purchased the real estate at the foreclosure sale in June, 1896, was under no obligation for or had any interest in the rents collected or taxes paid by the lawn company prior to that sale. Such rents had been collected and such taxes paid by the lawn company, another and different corporation.

II. The case then is this: The Ayr Lawn Company, while in possession of the property as mortgagee of an undivided half interest and with the knowledge and consent of the executor having the unmortgaged half interest in charge, paid out in excess of the rents received about eleven hundred dollars to remove certain tax liens and for necessary repairs on the entire property. After this the real estate was sold under the mortgage, plaintiff became the purchaser of the half interest thus sold and then brought this action for partition. The Ayr Lawn Company has intervened and asks to be admitted as a party defendant so as to charge the interest of the other defendants (and which was not covered by the mortgage) with their share of this redemption money and repairs which the mortgagee, their cotenant, paid for the common benefit.

In our opinion the lawn company presents good and substantial reasons for its claim. It appears to have such an interest in the real estate about to be partitioned as to justify its appearance as a party to the proceedings. "Every person having any interest in such premises, whether in possession or otherwise, shall be made a party to such petition." Sec. 7135,

R. S. 1889. Again: "Any person having an interest in such premises, whether the same be present or future, vested or contingent, though not made a party in the petition, may appear and be made a party on application for that purpose," etc. Sec. 7137.

While the Lawn Company was holding the possession of the property under a forfeited mortgage covering the half interest, and by and with the consent of the executor who was the righful trustee in charge of the other half interest, it undertook and did pay for the common benefit of the entire property all taxes and necessary repairs. By so doing and thus removing the incumbrance and protecting the entire property the Lawn Company became subrogated to an equitable lien against the haf interest vested in the other parties. "A tenant in common who has removed an incumbrance from the common property is entitled to contribution from his cotenants. To secure such contribution, a court of equity, acting in a suit for partition in favor of the cotenant removing the incumbrance, will enforce an equitable lien of the same character with that which is removed." Freeman on Cotenancy & Partition [2 Ed.], sec. 512. "The liability to contribute is the result of a general equity, founded on the equality of burthens and benefits. To establish the right of contribution, the plaintiff must show that his payment has removed a common burthen from the shoulders of himself and the defendant, and that they are each benefited by it." Freeman on Cotenency & Partition, sec. 322. The same authority sustains a claim for the necessary repairs to the common property. Judge Cooley in his work on Taxation, 467 [2 Ed.], thus expresses the rule: "Each tenant in common is bound to pay on his own interest; but if one is compelled to pay upon all, he may charge the interest of his cotenant with the proportionate part which such cotenant should have paid." To the same effect, see 2 Jones on Real Property, secs. 1854, 1855 and 1917; Eads v. Ritherford, 114 Ind. 273; Hinters v. Hinters, 114 Mo. 26.

In the last case it was said: "Tenants in common occupy a confidential relation to each other, and because of this relation there is an implied obligation on the part of each to sustain and protect the common title. It is therefore a general rule that if a tenant in common buy up an outstanding title or incumbrance, the purchase will be deemed to have been made for the benefit of all the cotenants, the other cotenants being bound, however, to contribute their respective proportions of the consideration paid for the outstanding title or incumbrance."

Applying then the doctrine of these authorities to the case in hand, it would seem clear that if the Ayr Lawn Company— while it held title and possession of the mortgaged half of the property wherein the defendants at the same time held the other half—paid off and discharged certain tax liens on the entire property, and paid for the repairs necessary to preserve the property, then said lawn company should have the right to charge with its proper portion the undivided half interest of the defendants, which received a benefit from such payments. When said incumbrances and charges were so paid off by the lawn company, it and the defendants owning the other half interest in the property covered by the Lawn Company's mortgage, were tenants in common, and there was then an implied obligation resting on said defendants to reimburse their cotenant for such sums of money as said cotenant paid for their benefit.

III. But it is insisted that by the foreclosure of the Lawn Company's mortgage in June, 1896, and the sale of the property thereunder, the said Lawn Company lost its lien for money paid on account of the tax liens, etc. The basis of this contention is, that even where the mortgagee shall have paid taxes and removed incumbrances from the mortgaged property, the money so paid becomes merged into and forms a part of the mortgage debt, and that as the foreclosure and sale operates to extinguish the mortgage lien so is the lien for such payment of incumbrances extinguished—that the mort-

gage debt proper and such incidental claims are one and the same inseparable demand. The authorities relied on by defendants' counsel are to this effect, that while the mortgagee has the right to pay incumbrances, taxes and the like which threaten his security and to hold the same as an enforcible lien the same as the mortgage debt, yet such incidental liens continue only during the life of the mortgage—that when the mortgage becomes extinct by foreclosure or otherwise the said liens for taxes or other incumbrances likewise expire. This is the full scope of the authorities relied on by defendants' counsel.   See Hitchcock v. Merrick, 18 Wis. 357; Johnson v. Payne, 11 Neb. 269; Horrigan v. Wellmuth, 77 Mo. 542.

If now the case in hand involved simply a claim by the mortgagee against the mortgagor then the above law would find application, for it would be said that the lien for the mortgage debt and the lien for taxes paid by the mortgagee to protect the mortgage security were one and inseparable, and that the satisfaction or foreclosure of one had extinguished the other—that the mortgagee would not be allowed to split up his cause of action, etc.   But that is not this case when we consider the rights of the Lawn Company as against the defendants who never gave any mortgage on their undivided half of the property, and who were tenants in common with the Lawn Company while it held the possession and paid taxes on the entire property. By payment of these incumbrances on the entire property, the lawn company, as mortgagee, became entitled to add the one-half of the sums so paid to the mortgage debt to collect this one-half from the proceeds of the foreclosure sale of the one-half. But as to the amounts paid for the benefit of the owners of the other one-half (whose interest was not mortgaged) the claim for reimbursement rests on a different basis, to wit: That of one tenant in common against his cotenant. This, too, was a claim or lien disconnected from the mortgage lien. The Ayr Lawn Company could not claim as against the mortgagor and as a part of its

mortgage lien anything it had paid for the relief and benefit of the one-half owned by these defendants and which was unmortgaged. "If the mortgagee of an undivided half interest pay the whole tax levied upon the premises in order to preserve the lien, he can only charge against the mortgagor one-half of the amount so paid." 2 Jones on Mortg. [4 Ed.], sec. 1134. But clearly the amount paid on the other half not covered by the mortgage is a charge against said other half.

In our opinion then, the record shows that the Ayr Lawn Company has an interest in the real estate about to be divided, and it ought to be allowed to come into the case as a party so that such interest can be protected. And so holding, the judgment must be reversed and cause remanded to be proceeded with as herein indicated. All concur.