KATHERINE SCHWANTKOWSKY ET AL. v. IGNAC DYKOWSKY.

Decided November 23, 1910.

**1.—Vendor and Purchaser—Shortage in Amount—Abatement of Price—Evidence—Parol Agreement—Ambiguity.**

The question being as to the right of a purchaser of land to show a contemporaneous parol agreement by the vendor, in the event a shortage in the acreage specified was shown by subsequent survey, that its proportional price should be deducted from one of the purchase money notes,—the contract of sale, which is here considered, is held so far ambiguous as to whether the sale was in bulk for a lump sum or one by the acre as to permit proof of such parol agreement. Mr. Justice Rice dissenting.

**2.—Vendor and Purchaser—Homestead—Wife's Separate Property—Gift.**

The husband having contracted to sell a tract of 490 acres of land, including the homestead, had the purchase money notes made payable to his wife, agreeing that they should be her separate property on consideration of her signing the deed. The notes were for $15,000, in ten equal annual payments. In suit by her thereon the purchaser claimed credit on the last note of the series, by reason of shortage in the land and a parol agreement with the husband entitling him to such credit. Held that the husband could not defeat the purchaser's right to such credit by taking the notes to the wife as a gift to her; that her homestead rights, extending to only 200 of the 490 acres, were not affected by the credit claimed, it being upon only one of the ten notes; and that the wife, being present and assenting to such parol agreement for allowing such credit, was equally bound with her husband thereby.

**3.—Abatement of Action—Vendor and Purchaser—Notes Maturing by Default.**

It was agreed that a default in the payment of interest on any should mature each of a series of purchase money notes for deferred payments for

land; a dispute arose as to a credit claimed by the purchaser on the last note of the series by reason of shortage in the land, and on his refusal to pay the first year's. interest thereon the holder of the notes sued on the entire series; the defendant plead in abatement that the suit was premature, he having tendered payment of interest on all the notes except the one last maturing, and claiming that the shortage entitled him to credit for the full amount of that one; it being found that he was entitled to a credit thereon, but not for its full amount, it is held that his tender did not cover the full interest due; that such default authorized the holder to declare all the notes to be due, and that the plea in abatement was improperly sustained.

Appeal from the District Court of Washington County. Tried below before Hon. Ed. R. Sinks.

*W. W. Searcy,* for appellants.

*Mathis, Buchanan & Stone* and *L. E. Rasberry,* for appellee.

RICE, Associate Justice.—It appears from the record that on the 10th day of October, 1907, William Schwantkowsky, the·husband of Katherine Schwantkowsky, entered into the following contract with Ignac Dykowsky, for the sale to him of a certain tract of land near Chappell Hill, in Washington County, upon which he and his wife Katherine were then living, to wit:

"State of Texas,
"County of Washington.

"Know all men by these presents: That I, Wm. Schwantkowski have this day bargained and sold to Ignac Dykowski, both of said State and County, 490 acres of land part of the D. Lawrence league of land in Washington County, Texas, being the same land sold to me by Mrs. C. P. Smith et al., Sept. 28th, 1891, recorded in Book 25, page 114 deed records of Washington County, to which reference is here made and declared a part hereof, upon the following terms and conditions, towit: The above land is sold for $20,000 total consideration, $5000 to be paid in cash on January 1st, 1908 by said Ignac Dykowski, and he to execute and deliver his notes for $15,000, in ten notes for $1500 each, due on or before January 1, 1909, 10, 11, 12, 13, 14, 15, 16, 17 and 18 and 19 respectively, payable to said Schwantkowski et al, bearing interest at the rate of seven per cent per annum from January 1st, 1908, upon the delivery of a good and sufficient deed. The said Ignac Dykowski has this day deposited in the First Natl. Bank of Brenham the sum of $400, payable to the order of William Schwantkowsky upon failure or refusal of said Ignac Dykowsky to comply with his part of the contract, said Wm. Schwantkowski is to credit this amount on cash payment of $5000 to be made January 1st, 1908, the said Wm. Schwantkowski has this day executed his promissory note for $400 to Ignac Dykowski or order, due January 1, 1908, at Brenham, Texas, conditioned upon the said Wm. Schwantkowski failure or refusal to comply with his part of this

contract. Upon his complying with his part of said contract, said $400 note is to be null and of no effect. Should the said Wm. Schwantkowski fail from any reason to make or deliver said deed as above mentioned to the said Ignac Dykowski, the money so deposited in the bank is to be returned to the said Dykowsky and the said Schwantkowsky $400 note is to become due and payable as against Schwantkowski. It is fully understood that upon failure of Dykowski to comply with his part of this contract the $400 deposited in the bank is to become the property of said Wm. Schwantkowski as a forfeit for failure to so comply and said note for $400 is to become null and void and of no effect.

"This Oct. 10th, 1907

　　　　　　　　　　　(Signed)　　　　Wm. Schwantkowsky
　　　　　　　　　　　　　　　　　　　　　　his
　　　　　　　　　　　　　　　　　　　・Ignac X Dykowsky
　　　　　　　　　　　　　　　　　　　　　mark"

That thereafter, on the 23rd day of December, 1907, in pursuance of said agreement, the said Wm. Schwantkowski and his wife Katherine, conveyed to said Ignac Dykowski, by their warranty deed, the tract of land referred to in said agreement, in consideration of $20,000, $5000 of which was paid them in cash, and the execution and delivery to the said Katherine of his, Dykowski's, ten vendor's lien notes, each for the sum of $1500, due, respectively, on the first of January, 1909, 1910, 1911, 1912, 1913, 1914, 1915, 1916, 1917 and 1918, payable to the order of the said Katherine Schwantkowski, each bearing interest at the rate of seven per cent per annum from January 1, 1908, interest payable annually, and each providing that in the event of failure or refusal on the part of Dykowski to pay any one of said notes when due, or any installment of interest thereon, that the owner and holder of said notes would have the right to mature any and all of them, said notes providing for ten per cent attorney's fees in the event they were placed in the hands of an attorney for collection.

The deed from Mrs. C. P. Smith and others to Wm. Schwantkowski, referred to in said contract, conveyed 490 acres of land, more or less, by metes and bounds, excepting the graveyard and right of way out of said conveyance; and the deed from Wm. Schwantkowski and wife to Dykowski also conveyed 490 acres, more or less, by metes and bounds, making the same reservations as to the graveyard and right of way.

A controversy arose out of this transaction, based on a shortage in said tract of land so conveyed. It was claimed on the part of Dykowski that at the time of making and entering into the contract and agreement hereinbefore set out, as well as prior to and at the time of the execution of the deed above referred to, Wm. Schwantkowski agreed that, if there was a shortage in said tract of land, the amount thereof should be applied as a credit or payment upon the last note given by him in part payment for said land. Appellants, on the other hand, denied that any such agreement was ever made, but claimed that the land was sold

in solido or in bulk for $20,000 to said Dykowski. On the maturity of the first note, Dykowski tendered to appellants, the holders of said notes, the amount due thereon, together with interest on all of the other notes, save and except the interest due on the last note, towit, that maturing January 1st, 1918, and refused to pay the interest on it, on the ground that there was a shortage in the land sufficient in amount, at the price paid, to pay off and satisfy said note; and that therefore, there was no interest due thereon.

In March, 1908, prior to the institution of this suit, Dykowski brought a suit in the District Court of said Washington County against appellants wherein, in his amended petition, he set up that, when he bought the tract of land above referred to from appellants, both he and Wm. Schwantkowski were under the belief that the same contained 490 acres, but that it was agreed between them that, as Schwantkowski and wife desired to remove immediately to California, he, Dykowski, should thereafter have the land surveyed, and in the event it was ascertained that the same did not exceed or fall short more than two acres of said amount, that then it would make no difference in the price to be paid; but that if the shortage should exceed two acres, then the amount of such shortage should be credited upon the last note executed by him in payment for said land at the rate paid therefor per acre. It was further alleged that said land had been surveyed by him in pursuance of said agreement, and that the same had fallen short a little over 36 acres, and that he was entitled to have said shortage, amounting to $1503.16, credited upon said note. In a different count it was alleged by Dykowski in said suit that Schwantkowski knew, at the time of the making of said contract and conveyance, that said tract of land did not contain 490 acres, but represented to him that the same did so contain 490 acres, and that upon an actual survey it was found to be short a fraction over 36 acres, which he was entitled to have credited upon said note; that he relied upon said representation so made by Schwantkowski, and was induced thereby to execute said agreement and purchase said land. This last mentioned suit was pending at the time the present suit was filed.

Thereafter, on the 9th day of January, 1909, appellants brought this suit in said District Court to enforce the collection of all of said notes, upon the ground that the failure and refusal on the part of Dykowski to pay the interest on said last note had matured the entire series of notes, and that by reason of an agreement between Wm. Schwantkowski and his wife, Katherine Schwantkowski, at the time of the making of said conveyance and the execution of said notes the same had become and were her separate property.

In answer thereto appellee filed a plea in abatement to the effect that suit had been prematurely brought for the reasons hereinbefore set out, and asked that the same be dismissed. This plea, however, did not contain any allegation of mutual mistake between the parties nor fraud on the part of appellants by which he was induced to purchase the land,

but simply set up the fact that at the time the contract for the sale of the land was made and at the time of the execution of the deed by appellants to him said Wm. Schwantkowski agreed that appellee might have the land surveyed, and, in the event of a shortage therein, the same should be credited upon the last note given in payment therefor, likewise setting up the shortage, as subsequently ascertained, as well as the tender as above stated. Both the present case and the case brought by Ignac Dykowski against appellants hereinbefore referred to were tried on the same day by the court without a jury, and separate judgments rendered therein, by which in the instant case the plea of abatement was sustained and the case dismissed at appellant's cost; and in the case brought by said Dykowski against appellants to have the amount of the shortage applied as a credit on the last note, judgment was rendered finding that there was a shortage in the land to the amount of 25 acres, which at the price to be paid per acre, $40.81, amounted to the sum of $1020.25, which was allowed as a credit upon said last note, from both of which judgments appellants have appealed.

The cases were not consolidated by the trial court, but since the litigation arose out of the same transaction, and the facts in the one are exactly similar to those in the other, there being only a slight difference heretofore noted in the pleadings of the parties, we will endeavor in the present opinion to determine the law arising upon both appeals. It is insisted by appellants in the instant case, a suit to enforce the collection of the notes, that the court erred in sustaining the plea in abatement and dismissing the suit, assigning as a reason therefor the action of the court in permitting appellee, over their objection, to introduce the testimony of himself and another witness, to the effect that Wm. Schwantkowski, prior to the execution of the contract and deed, agreed with appellee that he might have the land surveyed, and in the event of a shortage therein, that the amount thereof should be credited upon the last note, contending that, in the absence of an allegation of fraud, accident or mistake, it is not permissible by parol testimony, to contradict, vary, alter or change the terms of the written contract. This doctrine is elementary and is illustrated by numerous authorities in our own State, among which are the following: Lynch v. Ortlieb, 70 Texas, 730; Belcher v. Mulhall, 57 Texas, 17; Self v. King, 28 Texas, 553; Milliken v. Callahan County, 69 Texas, 210; Jones v. Risley, 91 Texas, 7; Rubrecht v. Powers, 1 Texas Civ. App., 282; Weaver v. City of Gainesville, 1 Texas Civ. App., 286; Willis Bros. v. Byars, 2· Texas Civ. App., 135; Loonie v. Tillman, 3 Texas Civ. App., 332.

But this doctrine does not apply where the instruments under consideration are ambiguous, in which event it would be competent to introduce evidence showing or tending to show what in fact was the agreement of the parties. The instruments in the present case are, in the opinion of the majority of the court (not concurred in by the writer, however), considered so ambiguous as to authorize the introduction of

the testimony complained of; for which reasons we overrule this assignment, and hold that the testimony was properly admitted.

Appellants also insist that the court erred in sustaining the plea in abatement, because it was alleged and shown by them that the notes sued upon were the separate property of appellee Katherine Schwantkowski, since it was agreed between her and her husband, at the time of the transaction in question, that if she would join in the execution of said conveyance, the same being her homestead, then and in that event said notes should become her separate property; and it being alleged and shown that she had not participated in the representations and agreement claimed to have been made by her husband to and with said Dykowski, and it appearing that she had joined in said conveyance by reason of said promise on the part of her husband, that she was in nowise bound thereby. Wherefore, she was entitled to recover upon said notes, for which reason it was error to sustain said plea in abatement and dismiss said cause, citing in support of this contention the following authorities: Luzenberg v. Bexar Bldg. Assn., 9 Texas Civ. App., 261; Fant v. Wickes, 10 Texas Civ. App., 394; Blum v. Light, 81 Texas, 414; Gatewood v. Scurlock, 2 Texas Civ. App., 98, 21 S. W., 55; Burnham v. McMichael, 6 Texas Civ. App., 496, 26 S. W., 887; Wadkins v. Watson, 86 Texas, 194, 22 L. R. A., 79; Speer on Married Women, sec. 68. We do not believe, however, that the doctrine asserted in said cases is applicable to the case at bar, for the reason that Mrs. Schwantkowski could only claim homestead in the tract conveyed to the extent of 200 acres; and it appears that there was more than 200 acres in excess of the homestead, the notes for which would aggregate more than $9000. Nor do we believe that the husband could, by gift or otherwise, defeat the rights of the purchaser of the land to have the shortage applied as a credit on said notes, especially so, since her rights in the proceeds of the homestead would not be affected thereby. Besides this, the agreement as to shortage was a part of the consideration for the notes, and it was shown that she was present and acquiesced in the agreement, for which reason the assignment presenting this question is overruled.

In both suits appellants replied by supplemental petition to the effect that the sale was not by the acre but in bulk for $20,000, and denied making the agreement pleaded by appellee; and this issue in this as well as the Dykowski case was fully considered by the court upon testimony offered by both sides. And since this evidence was properly admitted in that case, because of the allegations of mistake and fraud, it would seem that the judgment of the court determining this issue in favor of Dykowski must be regarded as settling the controversy between them, where the evidence is sufficient to warrant the judgment; for which reason the judgment in that case, we think, should not be disturbed.

It will be recalled, however, as applicable to the instant case, that, according to appellee's contention, he only had the right to have the amount of the shortage allowed as a credit upon the last note. The

court found that this shortage amounted to $1020.25, not enough to pay off and satisfy the last outstanding note. So if, as found by the court, appellee was entitled to a credit of $1020.25 on this note, and as this amount, in our judgment, should have been credited upon the principal as of date of the note, then as this fell short of paying off the note in full, it is evident that there was due appellants interest on the balance unpaid of said note at the time the tender pleaded by appellee was made; and as said tender did not include the amount of such interest upon said balance, then the same was not in fact a tender of the whole amount due by appellee to appellants, for which reason they were justified in refusing to accept the amount so tendered, and to institute this suit.

Wherefore, we think the court erred in sustaining the plea in abatement and dismissing the suit, for which reason we now here reverse the judgment of the court below and render judgment in favor of appellants to the full amount of said notes and interest due thereon, less the sum of $1020.25, found by the court as the value of the shortage in said land.

*Reversed and rendered.*