**KANSAS CITY LIFE INS. CO. v. DUVALL et ux.**

**No. 2077.**

Court of Civil Appeals of Texas. Waco.

May 18, 1939.

Rehearing Denied June 22, 1939.

Hamilton, Lipscomb, Wood & Swift, of Dallas, for plaintiff in error.

W. V. Dunnam, of Waco, for defendants in error.

GEORGE, Justice.

W. H. Duvall and wife filed suit on December 26, 1933, against Kansas City Life Insurance Company and the substitute trustee in deed of trust, after maturity of their indebtedness and default in payment, to prevent sale of certain described lands under power contained in deed of trust executed by them on December 8, 1922, and made the following allegations, to-wit: "Plaintiffs further make known to the court that the amount of debt due and owing to the defendant, Kansas City Life Insurance Company, is in dispute; that said defendant corporation is claiming an indebtedness on said land in excess of $20,000.00; and plaintiffs say that the debt due and owing to said defendant does not exceed the sum of $6,000.00, which sum they are willing to tender into court if defendant is willing to accept the same, and further say that they are willing and here now offer to do full and complete equity under the judgment and orders of the court." The trial court entered judgment on October 1, 1937, in favor of Kansas City Life Insurance Company against W. H. Duvall for the sum of $9,513.98, being the amount of principal determined by the court due as of January 1, 1933, plus interest from January 1, 1933, to December 26, 1933, at six per cent, and awarded foreclosure of lien in favor of Kansas City Life Insurance Company against W. H. Duvall and wife, Lela May Duvall, on the 363½ acres involved, but denied Kansas City Life Insurance Company interest from December 26, 1933, to October 1, 1937, and attorney's fees and costs of suit.

Plaintiff in error contends that the trial court erred in holding that the alleged tender made by the Duvalls in their petition was sufficient to stop the running of interest and to prevent the accrual of attorney's fees stipulated for in the contract. This assignment is sustained.

W. H. Duvall and wife, Lela May Duvall, on December 8, 1922, executed and delivered to Realty Trust Company four principal notes in the sum of $500 each and one in the sum of $15,000, payable respectively on January 1, 1928, 1929, 1930, 1931 and 1933, with attached interest coupons providing for interest at the rate of six per cent per annum on said principal indebtedness. Each of the notes bore interest at the rate of ten per cent per annum after maturity and stipulated that an additional sum of ten per cent of the amount due thereon should be paid as attorney's fees if the notes should be placed in the hands of an attorney for collection or be proven or established in any court. Plaintiff in error filed its first amended original answer and cross action on December 3, 1934, in which it sought judgment for the principal amount of the notes, interest, attorney's fees, costs of suit and foreclosure of lien. The trial court found that the amount of principal due on the notes as of January 1, 1933 was the sum of $8,979.64, and that the amount of principal and interest due as of December 26, 1933,

was $9,513.98, the date defendants in error filed their suit. Defendant in error Duvall appeared as a witness in his behalf in the trial of the case and testified that the $500 note maturing January 1, 1928, had been paid; that he quit making payments on the indebtedness in 1933 but did not testify that he was able, ready and willing to pay the amounts due as they matured, or that he was ever at any time ready, willing or able to pay any amount in satisfaction of the indebtedness.

■ The occasion for placing the notes, after maturity and default in payment, in the hands of its attorneys was left entirely to plaintiff in error's judgment, and when the notes were given to its attorneys for collection, their fees became as much a part of the amount to be paid as the principal or interest. Martin-Brown Co. v. Perrill, 77 Tex. 199, 13 S.W. 975. Plaintiff in error, as the holder of the notes containing stipulation for attorney's fees if notes were placed in the hands of attorneys for collection, were prima facie entitled to recover stipulated amount upon the happening of the event, and if there was any reason why the amount should not be paid, it was a matter of affirmative defense. Amuny v. Seaboard Bank & Trust Co., Tex.Com.App., 23 S.W.2d 287; Gunter v. Merchant, Tex.Com.App., 213 S.W. 604.

■ A valid tender of payment of an obligation on maturity or thereafter stops, from the time it is made, the running of interest. O'Connor v. Kirby Investment Co., Tex.Civ.App., 262 S.W. 554; Taylor v. Hemphill, Tex.Civ.App., 238 S.W. 986; City of San Antonio v. Campbell, Tex.Civ. App., 56 S.W. 130; Henry v. Sansom, Tex.Civ.App., 36 S.W. 122; Engelbach v. Simpson, 12 Tex.Civ.App. 188, 33 S.W. 596; Wiedenfeld v. Gallagher, Tex.Civ. App., 24 S.W. 333. And the tender of payment of notes on or at any time after maturity and before they are placed in the hands of an attorney for collection relieves the maker of liability for attorney's fees. Meyer & Kiser v. French, Tex.Com.App., 288 S.W. 405; Urbish v. Rutledge, Tex. Civ.App., 299 S.W. 921; Brooks v. Long, Tex.Civ.App., 199 S.W. 510. But as a general rule, a tender must include everything to which the creditor is entitled, and a tender of any less sum is ineffectual. Colby v. Reed, 99 U.S. 560, 25 L.Ed. 484; Henry v. Sansom, Tex.Civ.App., 36 S.W. 122; City of San Antonio v. Campbell, Tex.Civ.App., 56 S.W. 130; Bolton v. G. C.

Gifford & Co., 45 Tex.Civ.App. 140, 100 S.W. 210; Schwantkowsky v. Dykowsky, 63 Tex.Civ.App. 83, 132 S.W. 373; Tucker v. McCullough, Tex.Civ.App., 209 S.W. 236; Equitable Life Assurance Society v. Von Glahn, 107 N.Y. 637, 13 N.E. 793; Jones v. Jones, 49 Tex. 683.

■ We find no evidence of any tender of any kind at any time in the statement of facts other than that contained in defendants in error's pleadings. Defendants in error have had the possession of the property, yet they have paid nothing on the indebtedness since 1933. Plaintiff in error was authorized under the deed of trust to pay the insurance premiums and taxes when defendants in error had failed to do so, and when such items were paid under the authority contained in the deed of trust, same became a part of the indebtedness. Defendants in error, while asserting in their pleadings their willingness to do full and complete equity under the judgment and orders of the court, have not only failed to pay the insurance premiums and taxes as they accrued but have contested the validity and the amount of such items, together with plaintiff in error's right to recover interest and attorney's fees on the debt. An effectual tender would have included all items due by defendants in error to plaintiff in error. The tender made in the pleadings of December 26, 1933, is limited to an amount not exceeding $6,000, and is conditioned upon acceptance of same in full satisfaction of the debt. The trial court found that the amount of the principal indebtedness due as of January 1, 1933—after applying as payments on the principal all payments which had theretofore been made by defendants in error as payments on both the interest and principal—was the sum of $8,979.64. Therefore, the allegations of defendants in error's petition do not constitute such a tender as would prevent the accrual of attorney's fees or as would stop the running of interest. Fisk v. Holden, 17 Tex. 408; Barreda v. Merchants' National Bank, Tex.Civ.App., 206 S.W. 726; California State Life Insurance Co. v. Elliott, Tex.Civ.App., 193 S.W. 1096; Hostutler v. Alldredge, Tex.Civ. App., 235 S.W. 953; Dawson v. Falfurrias State Bank, Tex.Civ.App., 181 S.W. 553; 40 Tex.Jur. 843, sec. 6.

The controlling ultimate fact issue in this case is usury vel non and the Supreme Court of this state has heretofore laid

down the rules applicable to a proper determination of such matter in this cause, and for such reason the other matters complained of by assignments of error herein will most likely not occur on another trial of the case.

The judgment of the trial court is reversed and the cause remanded.