Ernest M. POENISCH, Jr., et al., Appellants,

v.

Mamie QUARNSTROM, Appellee.

No. 14332.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 6, 1965.

Rehearing Denied Feb. 3, 1965.

Fischer, Wood, Burney & Nesbitt, James R. Harris, Corpus Christi, Ernest M. Poenisch, Jr., in pro. per., for appellants.

Hardy, Galindo & Sharpe, Brownsville, for appellee.

BARROW, Justice.

This is the second appeal of this case. Appellants brought this action in trespass to try title and for partition of Lots 11 and 12 in Block "T" of the City of Brownsville. On the prior appeal the judgments of the District Court and the Court of Civil Appeals upholding the limitation claim of appellee, Mamie Quarnstrom, were reversed and the cause remanded with instructions. 361 S.W.2d 367, 372 (Tex.1962).[1]

On remand, appellee asserted a claim for taxes and redemption money paid by her, together with interest on said payments, and for improvements made to said property during the time she had occupied the land. She pleaded that the house located on the front part of Lot 12 was her home and asked that this property be set aside to her. Appellants urged that all issues were determined on the prior appeal, and, in the alternative, denied that appellee was entitled to be reimbursed for her expenditures because of her hostile claim, and urged an offset for the reasonable rental value of the. property during the time appellee had been in exclusive possession, and for rents received by appellee.

After a non-jury trial, the court found that appellee was entitled to partition in kind

1. "The judgments of the District Court and the Court of Civil Appeals are reversed and this cause remanded to the trial court with directions to enter judgment recognizing title to be vested in the following persons in and to the following undivided interests, viz.:

'(a) Petitioner Ernest M. Poenisch, Jr.— $11\frac{1}{16}$ths in the rear 65' of Lots 11 and 12; and $\frac{1}{2}$ in the front 55' of Lot 11.

'(b) Petitioner Rose Marilyn Hall — $\frac{1}{2}$ in the front 55' of Lots 11 and 12.

'(c) Petitioners Lula George, Mary Helen Ammann and J. C. George, Jr.— $\frac{1}{96}$th each in the rear 65' of Lots 11 and 12.

'(d) Petitioner Mary Kathryne Whitelaw— $\frac{1}{32}$nd in the rear 65' of Lots 11 and 12.

'(e) Respondent Mamie Quarnstrom — $\frac{1}{2}$ in the front 55' of Lot 12; and $\frac{1}{4}$ in the rear 65' of Lots 11 and 12.'

"The District Court will partition the lands here involved between the respective owners. If the Court should find that the property is not partible in kind, the District Court will order the premises sold and the proceeds of such sale paid over to the parties in proportion to their respective undivided interests.

"The trial court in its judgment will take into account the tender by petitioners (as plaintiffs in the district court) of $4,030.66 conditioned upon the recovery of the interests in and to the property claimed by petitioner-plaintiffs. This tender was based upon the redemption of a substantial portion of the property by Mamie Quarnstrom from the tax lien foreclosure sale heretofore mentioned. The trial court will also consider such other matters as may be authorized by law.

"If the property be ordered sold, the manner and details of selling the lands here involved, either in one or more tracts, are to be controlled by the sound discretion of the court and determined by the judgment entered. The Court may recognize such agreements as to details as may be made by the parties to this suit."

for the value of her interest in the property, which was found to be $9,000. It was ordered that the commissioners give her property of this value off the rear of Lots 11 and 12. The remaining property was ordered sold, and after appellee was paid $5,634.39, the balance divided among appellants in accordance with the interest of each as found by the Supreme Court. The house located on the front of Lots 11 and 12 was ordered sold and the proceeds divided ¾ to appellant Poenisch and ¼ to appellee.

One of the primary complaints on this appeal relates to the trial court's finding that appellee's interest was partitionable in kind. Rule 770, Texas Rules of Civil Procedure, provides: "Should the court be of the opinion that a fair and equitable division of the real estate, or any part thereof, cannot be made, it shall order a sale of so much as is incapable of partition, * * *." Appellants assert that there is no evidence to support the trial court's finding that appellee's interest was susceptible to partition in kind, or, in any event, same is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust.

It is urged that in determining this issue the trial court could not consider appellee's interest in the two lots as a whole, in that the front 55′ of these lots was severed from the rear 65′ by the opinion of the Supreme Court, supra, and each owned by different co-tenants, and not subject to partition under Art. 6082, Vernon's Ann.Civ.Stats. Appellee owned no interest in the front 55′ of Lot 11 and owned a one-half interest in the front 55′ of Lot 12 with appellant Rose Marilyn Hall. Appellee owned a one-fourth interest in the rear 65′ of Lots 11 and 12 with appellants Poenisch, Lula George, Mary Helen Ammann, J. C. George, Jr., and Mary Kathryne Whitelaw. It is further seen that the tax rolls carried the property as four separate tracts, in that the front and rear parts of the two lots were listed separately. We cannot say, however, that the

trial court abused its discretion in considering the two lots as a unit.

Two real estate appraisers testified on behalf of appellants and both treated the lots as a whole in determining the value. In fact, each testified it would destroy the value of the lots if divided into small tracts. All appellants presented a common defense and appellant Poenisch testified that he had a contract to acquire the interest of appellant Miss Hall.

■ Appellants urged and their two expert witnesses testified that the highest and best use of the property was as a parking lot, and that it would ruin the property to cut it up into small tracts. On cross-examination, each admitted that there were many lots in downtown Brownsville and close to these two lots, which were divided into tracts containing less than 3000 sq. ft. There was testimony that the most valuable part of the tract was the front 55′ of Lot 12, because it was on the corner and provided access from two streets. There was no testimony that the value of the whole tract would be destroyed if the property were divided into only two tracts. There is evidence that the property is partitionable in kind, and the trial court's finding is not so against the great weight and preponderance of the evidence as to be manifestly unjust. Irons v. Fort Worth Sand & Gravel Co., Tex.Civ.App., 284 S.W.2d 215, n. r. e.; Burton v. Williams, Tex.Civ.App., 195 S.W.2d 245, n. r. e.

The trial court determined that appellee's one-half interest in the front of Lot 12 was of the value of $5,500, and that her one-fourth interest in the rear of Lots 11 and 12 was of the value of $3,500, and ordered the commissioners to set aside land of the value of $9,000 from the rear part of Lots 11 and 12.[2] These valuations were determined in this way: Realtor Thomas P. Bentsen testified that the whole property was valued at $32,500, and on cross-examination

---

2. The commissioners' report is in the transcript, and the rear 42′ of Lots 11 and 12 has been set aside for appellee.

he broke this valuation down as follows: Front of Lot 12, $11,000; Rear of Lot 12, $8,000; Front of Lot 11, $7,500; Rear of Lot 11, $6,000. He said, however, that the total value would be destroyed if the property were cut up into four tracts. Realtor John A. McRay testified that the value of the two lots was $35,000, and on cross-examination broke it down as follows: Front of Lot 12, $12,000; Rear of Lot 12, $8,000; Front of Lot 11, $9,000; Rear of Lot 11, $6,000. Realtor E. B. Duarte testified on behalf of appellee that the property could be cut up in several ways into tracts of 3000 sq. ft., and be in conformity with other business property in downtown Brownsville. He valued the front 55′ of Lots 11 and 12 at $15,000 to $16,000, and the rear 65′ at $13,000. He also testified that the front 55′ of Lot 12 was valued at $10,000 and the rear 65′ at $8,000. On Lot 11 he valued the front at $6,000, and the rear at $5,000.

■ It is seen that there is sufficient evidence to support the trial court's findings of the value of appellee's one-half interest in the front of Lot 12 and one-fourth interest in the rear of Lots 11 and 12.

Appellee was allowed reimbursement from appellants for expenditures made in connection with the rear 65′ of Lots 11 and 12. Appellants asserted that the instructions of the Supreme Court on remand did not authorize the filing of claims by appellee or the hearing of evidence on same. On oral argument, appellants waived their points complaining of this action, but urged that the trial court erred in several particulars in adjusting the equities between the co-tenants.

■ It is asserted that since appellee had pleaded and claimed adverse possession against appellants during the first trial, appellee could not have reimbursement for expenditures made during the time she claimed adversely and held exclusive pos-

session. See Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605 (1948); 15 Tex. Jur.2d, Cotenancy, § 12. It is our opinion that this proposition is foreclosed by the holding of the Supreme Court that, as a matter of law, appellee's possession was not adverse to her co-tenants. The trial court found that appellee had paid $3,825.00 on January 14, 1952, to redeem the rear 65′ of said lots from appellant Poenisch, and directed reimbursement to appellee of this sum, together with pre-judgment interest at the legal rate of 6% from said date, permitting total recovery of $5,890. Appellants assert that there is no evidence or, in any event, the evidence is insufficient to support the finding as to the cost of redemption of the rear 65′ of said lots.

The Redemption Certificate was introduced, which recites that Mrs. Mamie Quarnstrom claimed "partial ownership of all of Lot 12 and the Rear 65 feet of Lot 11 * * *." It shows that appellee paid $5,685.57 to redeem said property. The only breakdown of this amount is a recitation that Poenisch had purchased the property for $3,300.00 and subsequently paid taxes of $490.38, making a total due of $3,790.38. The penalty of 50% was added to determine the amount paid by appellee to redeem said property. The sheriff's deed to Poenisch is in evidence and it states that Poenisch paid $2,550. for the rear 65 feet of Lots 11 and 12, which sum with the 50% penalty added thereto equals $3,825.00, and fully supports the trial court's finding of the amount appellee was entitled to be reimbursed.

■ Appellants urge that the trial court erroneously permitted interest on this sum, as there was no demand by appellee prior to the filing of her amended pleadings upon retrial for adjustment of equities between the parties. Although there is authority to the contrary,[3] the general rule is stated in 27 A.L.R.2d 1268, 1270, as follows: "It would seem that ordinarily where the

---

3. 44 Am.Jur. § 44; Willmon v. Koyer, 168 Cal. 369, 143 P. 694, 699, L.R.A.1915B, 961.

right to contribution arises out of the discharge by one person of more than his just share of a common burden or liability, the right to interest follows as a natural consequence on the theory that in paying more than his proportionate share the person entitled to contribution has lent or advanced money to the use of another, or that such money has been detained by such other, and the implied promise to repay carries with it the right to recover interest on the loss of use of such money during such period." See Eads v. Rutherford, 114 Ind. 273, 16 N.E. 587. The amount owed was definite and shown by the sheriff's deed to Poenisch. The tender was insufficient and therefore did not toll the interest. Fisk v. Holden, 17 Tex. 408.

The trial court did not err in permitting appellee to have reimbursement for the enhanced value of the lots through improvement of same. Cleveland v. Milner, 141 Tex. 120, 170 S.W.2d 472; Stephenson v. Luttrell, 107 Tex. 320, 179 S.W.2d 260; Shaw & Estes v. Tex. Consol. Oils, Tex. Civ.App., 299 S.W.2d 307. The testimony of appellee's witness Bohannon supports the trial court's finding that the lots were enhanced $1500.00 by filling in a swale on the rear of Lots 11 and 12.

There was evidence that appellee had received the sum of $1200.00 for rent of parking space on the rear 65 feet of Lots 11 and 12. The trial court erred in not awarding appellants an offset of $900.-00 in that they were the owners of ¾ of the rear 65 feet of these lots and as such entitled to recover their percentage of the rents received. Sayrs v. Pyland, 139 Tex. 57, 161 S.W.2d 769, 140 A.L.R. 1164; Haynes v. Vermillion, Tex.Civ.App., 242 S.W.2d 444, wr. ref., n. r. e. Appellants were not entitled to recover for the rental value of the front part of the lots while used by appellee, as it was determined on the prior appeal that this use was not adverse to appellants. Schluter v. Sell, Tex. Civ.App., 194 S.W.2d 125, 132; Osborn v.

Osborn, 62 Tex. 495; 15 Tex.Jur., Cotenancy, § 9.

The judgment of the trial court is reformed so as to reduce the amount of reimbursement to be recovered by appellee by the sum of $900.00, and as reformed is affirmed. The costs are taxed one-third against appellee and two-thirds against appellants.