Moon *et al. v.* Jennings *et al.*

No. 13,673.

MOON ET AL. *v.* JENNINGS ET AL.

TENANTS IN COMMON.—*Liens.*—*Contribution.*—Where one tenant in common pays off a lien existing against the joint property, he is entitled to contribution from his co-tenants to the extent of their interests, and to secure such contribution a court of equity will enforce upon the interests of the co-tenants an equitable lien of the same character as that removed.

SAME.—*Quieting Title.*—A tenant in common is not entitled to have his title quieted as against his co-tenant, where the latter holds certificates of purchase issued by the sheriff upon a sale of the joint property under the foreclosure of a mechanic's lien thereon, as the latter is entitled to contribution.

JUDGMENT.—*Relief From.*—*Surprise and Excusable Neglect.*—*Meritorious Defence.*—A complaint under section 396, R. S. 1881, by a tenant in common, to be relieved from a judgment by default, quieting his co-tenant's title, which shows that the plaintiff was misled as to the character of the action by the manner in which the complaint was prepared, and by the representations of the defendant's counsel as to the kind of relief sought, and by the violation of an agreement to dismiss upon complying with a certain condition, and showing, as a defence to the action, that the plaintiff has paid liens against the joint property, upon which he is entitled to a contribution lien, is good.

PRACTICE.—*New Trial.*—*Separate Motions For.*—A party filing a motion for a new trial must include all the grounds upon which he relies in one motion ; they can not be separated and a separate motion filed for each cause assigned.

From the Howard Circuit Court.

*B. C. Moon,* for appellants.

*C. N. Pollard,* for appellees.

OLDS, J.—This is an application on behalf of appellees, under section 396, R. S. 1881, to be relieved from a judgment taken against them by appellants.

The complaint alleges that the defendants, the appellants, did, on the 5th day of January, 1886, file in the office of the clerk of the Howard Circuit Court a complaint, in two par-

agraphs, against the appellees, setting out a copy of the complaint and the judgment rendered in said cause. The first paragraph of the complaint was for the redemption from a sale of certain real estate, owned by appellants and appellees as tenants in common, and which had been sold on foreclosure of a mortgage executed by their grantors, and the certificate of sale issued by the sheriff making the sale was held by the appellees. The second paragraph was a paragraph alleging ownership of the undivided one-half of the real estate by appellants, and that appellees claimed an interest in the same, and asking for a judgment quieting title; and it is averred that the second paragraph was so inserted within the sheets of paper upon which the complaint was written that the first paragraph could and would be taken by a person of reasonable prudence and care to constitute the whole of said complaint; that the first paragraph was not numbered, and there was nothing to indicate, to the keenest observer, that there was a second paragraph; that the first paragraph was signed by the attorneys, and between the first and second paragraphs there intervened three pages of blank paper, upon which nothing appeared except the clerk's receipt for $208, brought into court as a tender in connection with said first paragraph, for redemption of appellants' undivided one-half interest in said real estate; that appellees were served with process in said cause on the 6th day of January, 1886, to appear on the 16th day of January, 1886; that neither of appellees appeared, and, upon default, judgment was rendered against them in favor of appellants, quieting the title to said real estate in the appellants; that said judgment was rendered upon the said second paragraph of complaint, and had no relation to the averments contained in the first paragraph, and was not based or rendered thereon; that appellee Margaret E. Jennings was sick, and was thereby disabled and prevented from personally looking after or appearing to said cause, and so remained and continued sick until after the rendition of said judgment in said

cause ; that she is unacquainted with legal proceedings, and of the nature and character of pleadings, and the only knowledge she had as to the nature and character of said action was such as she received from her husband, William L. Jennings ; that William L. Jennings made inquiry, in good faith, of one B. C. Moon, the leading attorney for appellants in said cause, as to the character of said action, on the 7th day of January, 1886, and was then and there informed by said Moon that the only intent and purpose of said action was to enforce the right of said Moon to redeem the one-half interest in said real estate from said sale on the foreclosure of said mortgage, as in said first paragraph of said complaint set forth ; that if said redemption money should be accepted by appellees, then said action would be dismissed at the costs of the appellants ; that said William L. Jennings went to the clerk's office and procured said complaint, then on file, and carefully read over the same, and, finding nothing but the first paragraph of the complaint, and relying upon the statements and promises of B. C. Moon, attorney for the appellants, the plaintiffs in said cause, that said complaint contained nothing but the matters pertaining to said redemption, and that the same would be dismissed if said redemption money was accepted, did then and there accept said redemption money, and gave the case no further attention, and returned home and informed his co-plaintiff, Margaret E. Jennings, of the matters stated by the said B. C. Moon, and what said complaint did contain, and that the intent and purpose of the action was only to redeem from said mortgage sale ; that she believed and relied upon said statements, and had no reason to suppose or believe that said action involved anything but the redemption from said mortgage sale, and appellees gave the case no further attention.     That appellees did not know or learn of the true character of said judgment, taken in said cause, until June 16th, 1886 ; that ever since the 23d day of February, 1884, appellees, as husband and wife, have held and owned a one-half interest in said real

estate, by warranty deed from Freeman and Freeman ; that at the commencement of said action appellees had and still have a complete and meritorious defence to said second paragraph of said complaint, in this, to wit: That on the 13th day of January, 1884, at the suit of Hunt and Hunt against one George W. Price and others, in the Howard Circuit Court, a valid judgment and decree of foreclosure of a mechanic's lien upon all of said real estate was rendered, for the sum of $206.39, with all costs of suit; that on the 18th day of November, 1884, a duly certified copy of said decree was issued and placed in the hands of the sheriff of said county, and said sheriff duly advertised and sold said real estate on the 10th day of January, 1885, to said Hunt and Hunt, for $253.97, and said sheriff issued to said Hunt and Hunt a certificate of purchase therefor, they having paid the price so bid for the same ; that long before the commencement of said suit, these appellees, for a valuable consideration, became and were the legal owners of said certificate of purchase so issued by said sheriff to Hunt and Hunt, and have ever since owned and still own the same; that neither said real estate, nor any part of the same, has been redeemed from said sale, and these appellees are the complete equitable owners of all of said real estate ; also, alleging another foreclosure of a mechanic's lien on all of said real estate, and a sale for $133.46, and that a sheriff's certificate duly issued to the purchaser, and that the appellees became and were the legal owners of such certificate of purchase before the commencement of said action, and still are the owners of the same ; and they ask to have said default and judgment set aside, and that they be permitted to make their defence.

A demurrer was filed to the complaint and overruled, and exceptions reserved by appellants.

It is contended by counsel for appellants that the complaint does not show that appellees had any defence to the original action to quiet title ; that appellants and appellees are tenants in common, and the property of each liable for

the debt secured by the mechanic's lien, and that the payment by appellees extinguished the lien, and it could not be enforced by appellees against the interest of their co-tenants, the appellants, in the real estate. Numerous authorities are cited by counsel, which, it is contended, support this theory. We can not agree to this theory. It is true it has been so held in some cases of co-tenancy, where the tenancy was created by the same instrument or act, on the theory that such tenants occupied a confidential relation toward each other, and that the payment of the lien operated as an extinguishment and enured to the benefit of all the tenants; but the true rule, as upheld by the weight of authority, is, that where one tenant in common pays off a lien against the joint property, he is entitled to contribution from his co-tenants to the extent of their respective interests, and a court of equity, to secure such contribution, will enforce upon the interests of the co-tenants an equitable lien of the same character as that which has been removed; and especially is this true where the tenants in common derive their respective titles from a different source. *Titsworth* v. *Stout,* 49 Ill. 78 (95 Am. Dec. 577) ; *Fischer* v. *Eslaman,* 68 Ill. 78. 4 Kent Com. (12th ed.), p. 371, note *c,* cited by counsel, holds that a co-surety, having a counter-security, is bound to apply it to the benefit of his co-surety equally with himself, is not in conflict with the doctrine we have announced, but in support of the general principle of equity that they must deal justly with each other, that each co-tenant must share the benefits received and contribute to the outlay in the protection of the title. In the case of *Roberts* v. *Thorn,* 25 Tex. 728 (78 Am. Dec. 552), it is held that the rule that one of two tenants in common, who acquires a superior outstanding title, must hold it in trust for the other upon that other paying his proportion of the purchase-money, only applies when the interest accrues under the same instrument or act of the parties or the law, or when they have entered into some engagement or understanding with one another. *Rippetoe* v. *Dwyer,* 49 Texas, 498. To

the same effect is the case of *Elston* v. *Piggott*, 94 Ind. 14. Counsel also cites the case of *Klippel* v. *Shields*, 90 Ind. 81, holding that when one co-surety pays a judgment it extinguishes the judgment. We think this doctrine not in conflict with our theory of this case. It is no doubt the law that when one primarily liable for the payment of a judgment makes an unconditional payment of the same, in law it extinguishes and satisfies the judgment; but a different rule applies when one co-tenant pays off a lien against the joint estate or purchases an outstanding title to the estate. *Lowrey* v. *Byers*, 80 Ind. 443; *Eads* v. *Retherford*, 114 Ind. 273. In this case it appears from the original complaint to redeem from the mortgage, which is incorporated in the complaint in this case, and it is admitted by counsel, that the appellees and appellants do not derive their title by the same instrument. It appears from the complaint that the land was sold on a valid judgment against the real estate, and that the appellees purchased and became the owners of the certificate of purchase, which entitled them to contribution from the appellants in proportion to their interest in the land, and the appellees had the right to enforce such contribution by having a lien declared against the interest of appellants in the land, and the appellants were not entitled to a judgment against the appellees quieting their title to said interest in said land while said claim remained unsatisfied. The complaint also shows an agreement between appellees and the attorney of the appellants that the case should be dismissed on the appellees accepting the amount due them by reason of having paid the mortgage lien, and they did accept said amount and rely upon such agreement, and did not appear to the action, and that the complaint in such case was in such form as that it would tend to mislead, and did mislead, the appellants as to to the nature of the action. The complaint was sufficient.

It is also contended that the appellees were not entitled to the relief asked until they had tendered back the money re-

ceiv̇ed. The money received had no connection with the relief asked. It was paid in satisfaction of another debt, viz., the amount paid by appellees for the appellants in satisfaction of appellants' share of a mortgage debt against their joint property.

It is contended that the judgment should be reversed for the reason that there is a variance between the averments of the complaint and the findings of the court. We do not think there is any material variance, such as to authorize the reversal of the judgment, and the finding is fairly supported by the evidence. Nor was there any error in proving what Mr. Bell, one of appellants' attorneys, said to appellee William L. Jennings on the subject of the dismissal of the case if he accepted the money in redemption of the land. It was proper for the purpose of determining whether the Jennings acted in good faith and had reason to believe the case was to be dismissed.

We do not consider the question as to the use of the complaint in evidence. Parties filing a motion for a new trial for errors occurring on the trial, must include all the grounds in one motion; they can not separate them and file a separate motion for each cause assigned, and we do not consider the error assigned on the overruling of the second motion for a new trial. There might be a case where a second motion for a new trial would be proper, but this is not such a one.

There is no error in the record for which the judgment ought to be reversed.

Judgment affirmed, with costs.

Filed April 5, 1889.

## On Petition for a Rehearing.

Olds, J.—Counsel for appellants contends that there should be a rehearing granted in this case, for the reason that there was a misapprehension and misstatement of the counsel's position in the original opinion; and he contends that the complaint affirmatively shows that appellees and appellants de-

rived title to the real estate in question from the same grantor, who first sold and conveyed to the appellees the one-half of the real estate, and afterwards sold and conveyed to appellants the remaining one-half; that appellants have the right to have the appellees' share of said real estate applied to the payment of the liens upon the same, and that the said appellees' interest in said real estate was primarily liable for the payment of the liens which were paid off by appellees, and that therefore they cannot recover, and their complaint does not state facts sufficient to constitute a defence to the complaint of appellants to quiet their title.

Counsel is in error, both as to the misapprehension by the court of his position and as to the averments of the complaint in this action. The complaint avers ownership in the appellees of the undivided one-half of the real estate, that valid judgment liens had been recovered against all of said real estate, that the same had been sold thereon, and that certificates of purchase for all of said real estate had been issued, and appellees had purchased the same, and were the holders and owners of said certificates and the equitable owners of all of said real estate before the commencement of appellants' action to quiet title to said real estate. In the complaint they set out a copy of the complaint of appellants in the action to quiet title, and the judgment rendered in said cause, which they ask to have set aside. In their complaint it is alleged that one George W. Price was the owner of said lot, and upon the — day of ——, he conveyed one-half to appellants, and after said conveyance, on the — day of ——, he conveyed the other one-half to appellees, and that the grantees in said deeds respectively agreed that each should pay one-half of a certain mortgage then on said real estate. The allegations show that, in effect, said two conveyances were all one transaction ; but the complaint, in this action, does not aver or admit the truth of the averments of the complaint in the action brought by appellants ; nor does the finding of facts show that Price owned the real

estate, and sold and conveyed to appellants and appellees each one-half, and that the sale and conveyance to appellees. antedated the sale and conveyance to appellants.

It is further complained by counsel, that we did not set out in full the finding of facts which exonerated counsel from any wrong or unprofessional conduct on his part. This we did not, and do not now, deem necessary. The finding of facts fully exonerated counsel from any wrong or unprofessional conduct ; but we do not deem the motives which actuated counsel to be material in determining whether the default and judgment should be set aside, as asked in this. case. The findings show a misunderstanding, and that appellees were misled, by reason of which they did not. appear, and suffered default.

Petition for a rehearing overruled.

Filed May 18, 1889.