Case *et al. v.* Owen *et al.*

No. 16,981.

CASE ET AL. *v.* OWEN ET AL.

DEED.—*Conveyance.*—*Joint Tenancy.*—*Real Estate.*—Where the *premises* and the *habendum* of a deed are, that B. W. and R. W. of Hamilton county, and State of Indiana, *convey* and *warrant* to L. R. and J. R., *jointly*, of Hamilton county, in the State of Indiana, etc., the word "jointly" creates in the grantees a joint tenancy.

From the Hamilton Circuit Court. ,

*L. O. Clifford, T. J. Kane* and *R. K. Kane,* for appellants.

*J. A. Roberts* and *M. Vestal,* for appellees.

COFFEY, J.—The only question involved in this case relates to the construction of the following deed, viz:

"*This indenture witnesseth,* That Barney White and Ruth White, of Hamilton county, and State of Indiana, *convey* and *warrant* to Lydia Reese and, John Reese, jointly, of Hamilton county, in the State of Indiana, for the sum of fifteen hundred ninety-seven dollars and fifty cents, the following real estate in Hamilton county, to wit: (Here follows description.) In witness whereof, etc."

It is contended by the appellants, that under this deed, Lydia Reese and John Reese took as tenants in common, while the appellees contend that they took as joint tenants.

An estate in joint tenancy is an estate held by two or more tenants jointly, with an equal right in all to share in the enjoyment of the land during their lives. Upon the death of any one of the tenants, his share vests in the survivors. Four requisites must exist to constitute a joint tenancy, viz:

*First.* The tenants must have one and the same interest.

*Second.* The interests must accrue by one and the same conveyance.

*Third.* The interests must commence at one and the same time.

*Fourth.* It must be held by one and the same undivided possession. 6 Am. and Eng. Encyc. of Law, 891.

A joint tenancy can be created in no other way than by purchase, and its distinguishing feature is that of survivorship.

The doctrine of joint tenancy is not favored by the American law, and the rules relating to such estates have been greatly modified by statute in most of the States of the Union.

Our statute, section 3341, Revision of 1894, provides that all conveyances and devises of land, or of any interest therein, made to two or more persons shall be construed to create estates in common and not in joint tenancy, unless it shall be expressed therein that the grantees or devisees shall hold the same in joint tenancy and to the survivor of them, or it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint tenancy.

This statute completely reverses the ancient common law rule, for joint tenancy was a favorite of the ancient common law, and no special words or limitations were necessary to call it into existence, but, on the other hand, words or circumstances of negation were indispensable to avoid it. Freeman Cotenancy and Partition, section 18.

Under this statute, however, it must be created by express words or limitations.

The question for our decision, therefore, is, does the use of the word "jointly" in this deed have the effect of vesting in Lydia Reese and John Reese an estate in joint tenancy?

It is a familiar rule that in construing a deed, as in construing any other written instrument, it is to be considered as a whole, and that effect is to be given to each and every clause and word found in it if that is possible.

As tenants in common are two or more persons who hold possession of any subject of property by several and distinct titles the word "jointly" can find no place in describing an estate to be held by them.

To hold that this deed created in the grantees a tenancy in common, we would be compelled to strike out and wholly reject the word "jointly."

This we are not at liberty to do. Under the well known rules of construction we are required to give it effect; and when that is done we are constrained to hold that this deed vested in Lydia Reese and John Reese an estate in joint tenancy. *Barden* v. *Overmeyer*, 134 Ind. 660; *Thornburg* v. *Wiggins*, 135 Ind. 178.

As this is in accord with the conclusion reached by the circuit court, the judgment should be affirmed.

Judgment affirmed.

Filed Oct. 18, 1894.