RICHARDSON ET AL. *v.* RICHARDSON ET AL.

[No. 18,130. Filed April 12, 1951. Rehearing denied May 18, 1951. Transfer denied July 20, 1951.]

524

*Wickens & Wickens,* of Greensburg, for appellants.

*David A. Myers* and *Raymond B. Rolfes,* both of Greensburg, for appellees.

ACHOR, J.—This was an action filed by appellant, Maxine J. Richardson, (plaintiff in the court below) against the appellees herein. Appellants William Dale Richardson and Richard Dale Richardson were made

defendants to the cross-complaint of the appellees in the court below. In this action appellant Maxine J. Richardson claimed to be the owner of a one-fourth interest as tenant in common pursuant to the will of William Dale Richardson, her deceased husband.

The deed by which the said William Dale Richardson acquired title with the appellees herein contained the following words of conveyance in its premises or granting clause:

> "Convey and Warrant to Ray M. Richardson, W. Dale Richardson, Lavon Richardson and Lena Richardson, in equal proportions and in case of the death of any one or more of said grantees, his or her interest in said land shall go to the other surviving grantees then living in equal proportions."

The question before this court is, does the above provision of conveyance create a joint tenancy, as maintained by the appellees, or does it create a tenancy in common, as contended by appellants? The court below found "That said deed vested title in Ray M. Richardson, Lavon Richardson, Lena Richardson and W. Dale Richardson, as joint tenants." Pursuant to this conclusion of law judgment was rendered for the appellees against the appellants.

The statute of this state applicable to the creation of joint tenancies and tenancies in common is as follows, § 56-111, Burns' 1943 Replacement:

> "All conveyances and devises of lands, or of any interest therein, made to two (2) or more persons, except as provided in the next following section, shall be construed to create estates in common and not in joint tenancy, unless it shall be expressed therein that the grantees or devisees shall hold the same in joint tenancy and to the survivor of them, or it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint tenancy."

By reason of this statute appellant correctly asserts that whereas, joint tenancies were favored under the common law, that the opposite presumption now ■ prevails under our statute. *Simons* v. *Bollinger* (1900), 154 Ind. 83, 96, 56 N. E. 23.

Appellant contends that the granting clause in the new deed is severable in two parts: that the first part being "Convey and Warrant to Ray M. Richardson, W. Dale Richardson, Lavon Richardson and Lena Richardson, in equal proportions . . ." with the remainder of the sentence constituting a separate, limited, ambiguous, repugnant habendum thereto. Appel- lants charge that the second part of the sentence is ambiguous in that it does not contain the words "joint," "jointly," or "joint tenancy," and that it is repugnant in that it attempts to control the "inheritance" of the real estate after that right had already been vested absolutely under the previous clause. They maintain that under our statute, § 56-115, Burns' 1943 Replacement, the words "convey and warrant" conveyed title in fee simple to all the named grantees, and that the fee simple title having been once vested, the remaining clause regarding survivorship, being ambiguous and repugnant thereto, is to be given no effect. The following cases are cited as supporting this general position: *Shoe* v. *Heckley* (1922), 78 Ind App. 586, 134 N. E. 214; *Finney* v. *Brandon* (1922), 78 Ind. App. 450, 135 N. E. 10; *Lamb* v. *Medsker* (1905), 35 Ind. App. 662, 74 N. E. 1012; *Chamberlain* v. *Runkle* (1902), 28 Ind. App. 599, 63 N. E. 486.

However, the rule seems well established, 16 Am. Jur., § 239, page 573, ". . . *that where, by statutory provision, the use in the granting clause of* ■ *words of inheritance is rendered unnecessary, neither the use of such words nor the fact that the fee might pass to the grantee under the statute*

*will render subsequent clauses limiting the estate void for repugnance. . . ."* (Our italics.) *Evans* v. *Dunlap* (1905), 36 Ind. App. 198, 75 N. E. 297; *Adams* v. *Merrill* (1908), 45 Ind. App. 315, 85 N. E. 114, 87 N. E. 36. See also 84 A. L. R. 1073.

Appellees, on the other hand, contend that the deed before the court is distinguishable from those cited in the cases by appellants in that there is no ▇ habendum separate from the "granting clause," as was true in the cases cited. That in the case at bar there is only a single granting clause which consisted of one single and complete sentence. That this sentence is to be considered in its entirety and is not to be subjected to rhetorical surgery in order to consider its member parts separately and thereby arrive at a result opposite to that which is obviously intended from the sentence as a whole. As to this contention we concur with appellees.

Furthermore, appellees maintain that appellant fails to give proper emphasis to the second clause of the statute, § 56-111, Burns' 1943 Replacement, *supra,* which clearly provides that the manifest intention of the deed should prevail where ". . . it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint tenancy." And in determining "the manifest intention of the deed" appellees assert that the deed must be taken as a whole and that when this rule is applied to the deed in controversy a clear intention is expressed to create an estate of joint tenancy, the distinguishing feature of which is a quality of survivorship. *Case et al.* v. *Owen et al.* (1894), 139 Ind. 22, 24, 38 N. E. 395; *Sharpe* v. *Baker* (1912), 51 Ind. App. 547, 552, 96 N. E. 627, 99 N. E. 44; *Prior* v. *Quackenbush* (1868), 29 Ind. 475, 478; *Claridge* v. *Phelps* (1937), 105 Ind. App. 344, 11 N. E. 2d 503.

It is our observation that the "estate" here in controversy contains not only a quality of survivorship but also the other distinguishing features of joint tenancy. These features are set forth in the case of *Case et al.* v. *Owen et al., supra,* at pages 22 and 23:

"An estate in joint tenancy is an estate held by two or more tenants jointly, with an equal right in all to share in the enjoyment of the land during their lives. Upon the death of any one of the tenants, his share vests in the survivors. Four requisites must exist to constitute a joint tenancy, viz.:

"*First.* The tenants must have one and the same interest.

"*Second.* The interests must accrue by one and the same conveyance.

"*Third.* The interests must commence at one and the same time.

"*Fourth.* It must be held by one and the same undivided possession. 6 Am. and Eng. Encyc. of Law, 891.

"A joint tenancy can be created in no other way than by purchase, and its distinguishing feature is that of survivorship."

The tenancy now in controversy was created by purchase; the tenants had one and the same interest; the interest accrued by one and the same conveyance; commenced at one and the same time, had the quality of survivorship and was held by one and the same undivided possession.

We concur with the conclusion of law stated by the trial court "that the deed vested title in Ray M. Richardson, W. Dale Richardson, Lena Richardson and Lavon Richardson, as joint tenants."

Judgment affirmed.

NOTE.—Reported in 98 N. E. 2d 190.