HORNUNG, EXECUTOR *v.* BIGGS.

[No. 20,312. Filed February 9, 1967. Rehearing denied March 22, 1967. No Petition for Transfer filed.]

· *Cecil C. Tague, Sr.*, *Roger H. Smith* and *Tague & Smith*, all of Brookville, for appellant.

*Michael L. Bohland,* of Brookville, and *Rolfes, Garvey & Walker,* of Greensburg, both for appellee.

COOK, J.—Action by Appellant, Hubert Hornung, Executor of the estate of Amelia Hornung (plaintiff in the court below) against the Appellee, Clara Biggs, for partition of certain real estate. Appellee filed a cross-complaint asserting that she was the sole owner of the real estate and asking that her title be quieted.

The evidence was presented to the Court on a stipulation of facts, and the Court found in favor of Appellee on her cross-complaint. Appellant filed a timely motion for a new trial, which was overruled. This appeal followed.

The grounds relied upon in the motion for a new trial are the statutory grounds that the findings and decision of the court were not sustained by sufficient evidence and were contrary to law. The overruling of the motion for a new trial is the sole assignment of error in this appeal.

The only point of controversy is the meaning to be given to Item II in the will of Karl G. Hornung, deceased, which is as follows:

"I will and devise the real estate . . . to my sisters, Amelia Ida Hornung and Clara May Biggs, in equal shares or one-half to each as follows: the fee simple interest in the undivided one-half shall go to each, subject to the life estate interest of each, and upon the death of one, the whole interest shall vest in the surviving sister, all subject to the right of both sisters to agree to sell it at any time and divide the net proceeds derived from such sale equally."

The evidence as stipulated reveals that at the time of the death of Karl G. Hornung, he lived upon the real estate with his sisters, Clara Biggs and Amelia Hornung. Said Clara Biggs and Amelia Hornung continued to occupy the premises until the death of Amelia Hornung, and Appellee, Clara Biggs, occupies the real estate at the present time.

The question presented to this Court is: Does the above language create a tenancy in common, as maintained by Appellant, or does it create a joint tenancy, as contended by Appellee?

Joint tenancies are looked upon with disfavor unless the same are brought within Burns' Indiana Statutes, Annotated, § 56-111, which statute reads as follows:

"All conveyances and devises of land, or of any interest therein, made to two (2) or more persons, except as provided in the next following section, shall be construed to create estates in common and not in joint tenancy; unless it shall be expressed therein that the grantees or devisees shall hold the same in joint tenancy and to the survivor of them, or it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint tenancy."

Our construction of this section of the statute depends upon two applicable clauses: (1) that it shall be expressed—"that the grantees or devisees shall hold the same in joint tenancy and to the survivor of them"; (2) "or it shall manifestly appear from the tenor of the instrument that it was intended to create an estate in joint tenancy."

While the devisor did not use the words jointly or in joint tenancy, he clearly stated "upon the death of one, the whole interest shall vest in the surviving sister," thereby expressing the quality of survivorship, and the nature and quality of the estate devised.

In this case the language used, "and upon the death of one, the whole interest shall vest in the surviving sister," clearly and manifestly creates a joint tenancy, when the dispositive words are read in their entirety. To construe the will in any way other than that Clara Biggs, as the surviving sister, is vested with the whole interest in the real estate in question would render inoperative the words of the will that clearly set forth the quality of survivorship.

Appellant asserts that the single sentence of Item II should be separated into a granting clause and a sort of habendum clause. This Court has heretofore treated of a similar matter in the case of *Richardson* v. *Richardson* (1951), 121 Ind. App. 523, p. 527, 98 N. E. 2d 190, and said:

> "That in the case at bar there is only a single granting clause which consisted of one single and complete sentence. That this sentence is to be considered in its entirety and is not to be subjected to rhetorical surgery in order to consider its member parts separately and thereby arrive at a result opposite to that which is obviously intended from the sentence as a whole."

Further, this Court notes that the "estate" here in controversy contains other distinguishing features of a joint tenancy as well as the quality of survivorship.

As categorized in *Case, et al.* v. *Owen, et al.* (1894), 139 Ind. 22, 24, 38 N. E. 395, and approved by *Richardson* v. *Richardson, supra,* the prerequisites of an estate in joint tenancy are:

> "*First.* The tenants must have one and the same interest.
> "*Second.* The interests must accrue by one and the same conveyance.
> "*Third.* The interests must commence at one and the same time.

*"Fourth.* It must be held by one and the same undivided possession."

In this case all of the prerequisites of a joint tenancy are met, and as it appears from the language used in the will of Karl G. Hornung that "it was intended to create an estate in joint tenancy," the judgment below should not be disturbed.

Judgment Affirmed.

Pfaff, P. J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 223 N. E. 2d 359.