JOSEPH PAIDLE AND MONICA PAIDLE *v.* JANE MARIE HESTAD.

[No. 3-1274A197. Filed June 10, 1976.]

*Roland Obenchain, Robert W. Mysliwiec,* of South Bend, for appellants.

*Robert D. Lee, Andrew W. Nickle,* of South Bend, for appellee.

STATON, P.J.—Mary Paidle held title to certain real estate in St. Joseph County, Indiana before she died intestate on September 12, 1952. Thereafter, her two children, Ann Varga Monroe and Joseph Paidle, Jr., held the real estate as cotenants. Later, February 7, 1969, Ann Varga Monroe died testate leaving her interest in the real estate to her daughter, Jane Marie Hestad. A partition suit was filed by Jane Marie Hestad, and the trial court ordered the real estate sold. The order further provided that Joseph Paidle and his wife account for all "rents, profits and economic benefit which they have received from possession of said real estate since the 12th day of September, 1952." This accounting was submitted, and the real estate was sold.

Before the proceeds from the real estate sale were distributed, Joseph Paidle and his wife filed a "petition for incidental relief" which sought contributions from Jane Marie Hestad for taxes paid and improvements. Later, Hestad filed a motion for summary judgment which was granted by the trial court. Summary judgment was granted upon the supposition that Paidles' claim was barred by their failure to file a claim against the estate of Ann Varga Monroe. IC 1971, 29-1-14-1(a) (Burns Code Ed.).

Paidles contend in their appeal to this Court that their failure to file a claim against the estate of Ann Varga Monroe does not bar an equitable lien upon the proceeds from a partition sale. IC 1971, 29-1-14-1(e) (Burns Code Ed.). We agree and we reverse.

The pertinent sections of IC 1971, 29-1-14-1 (Burns Code Ed.) provided:[1]

"(a) All claims against a decedent's estate, other than expenses of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within six [6] months after the date of the first published notice to creditors.

\* \* \*

"(e) Nothing in this section shall affect or prevent any action or proceeding to enforce any mortgage, pledge or other lien upon property of the estate."

A claim for the purpose of the Probate Code has been defined as:

"a debt or demand of a pecuniary nature which could have been enforced against the decedent in his lifetime and could have been reduced to a simple money judgment." *Vonderahe* v. *Ortman* (1958), 128 Ind. App. 381, 387, 146 N.E.2d 822, 825.

A claim against the estate must be filed to participate in the personal assets of the estate, but liens continue against real estate unless discharged by decree or payment. *E.g., Beach* v. *Bell* (1894), 139 Ind. 167, 38 N.E. 819.

The determination of whether the right to contribution is a lien or a claim depends upon a consideration of the nature of the interest of a tenant in common. Each tenant in common is seized *per my et per tout,* that is, each holds title to the whole estate until all equities relating to the tenancy are adjusted. In *Andrews* v. *Harris* (1957), 127 Ind. App. 352, 356-57, 141 N.E.2d 761, 763-64, the Court stated:

1. This section was amended effective January 1, 1976. The only change made in the two cited sections was the reduction of the time for filing claims from six months to five months.

Thompson, in his exhaustive work on Real Property, Vol. 4, § 2004, p. 526, says:

'There is much authority for the doctrine that each tenant in common has an equitable lien upon the share of his cotenant until all equities relating to the tenancy are adjusted; or, in other words, while each tenant is vested with the title to his own undivided interest in the common estate, he holds a contingent interest in the entire estate until partition is made and accounts are settled.'

"Indiana has recognized this doctrine in *Foltz* v. *Wert et al.* (1885), 103 Ind. 404, 2 N.E. 950, where the executor of an estate, in consideration of an oral agreement between herself and other heirs to the effect that the amount of the advancements received by each should be charged against his or her interest in the real estate, surrendered personal property to the other heirs in various amounts. The court held that it was not necessary that the agreement be in writing in order that it might be equitably enforced. 'Each tenant in common was seized of the land *per my et per tout.* Each had the right to hold title until all equities relating to the tenancy were adjusted.' See also *Peck et al.* v. *Williams* (1888), 113 Ind. 256, 15 N.E. 270."

Clearly, amounts paid by Paidle to discharge the lien of taxes against the real estate is properly considered to be a lien against the interest of cotenant Hestad to the extent of her one-half interest in the property. In *Moon* v. *Jennings* (1889), 119 Ind. 130, 134, 20 N.E. 748, 750, the Court stated:

"[B]ut the true rule, as upheld by the weight of authority, is, that where one tenant in common pays off a lien against the joint property, he is entitled to contribution from his co-tenants to the extent of their respective interests, and a court of equity, to secure such contribution, will enforce upon the interests of the co-tenants an equitable lien of the same character as that which has been removed. . . ."

The fact that Paidle could have brought an action to enforce contribution for taxes paid during the lifetime of Ann Varga Monroe, *see Eads* v. *Retherford* (1888), 114 Ind. 273, 16 N.E. 587; *Geisendorff* v. *Cobbs* (1911), 47 Ind. App. 573, 94 N.E. 236, and could have filed a claim for the amount of taxes paid against the estate of Ann Varga Monroe, does not ex-

tinguish or affect the validity of the lien. The lien is enforceable in equity when, upon partition, all the equities relating to the tenancy are adjusted.

A tenant in common may recover his share for improvements and expenditures. Although he cannot charge his cotenants for improvements and expenditures voluntarily made, equity will enforce his right to compensation for proper improvements and expenditures in a partition action. In *Geisendorff* v. *Cobbs* (1911), 47 Ind. App. 573, 582, 94 N.E. 236, 240, the Court stated:

> "It is fully established by the weight of authority that the claim for permanent improvements, made by a cotenant in possession without authorization by other tenants in common out of possession, can be enforced only when the land is to be parted or sold and the proceeds distributed according to the respective interests of the several cotenants. *Parish* v. *Camplin* (1894), 139 Ind. 1, 16, 37 N.E. 607; *Carver* v. *Fennimore* (1888), 116 Ind. 236, 19 N.E. 103; *Harry* v. *Harry* (1891), 127 Ind. 91, 94, 26 N.E. 562; *Elrod* v. *Keller* (1883), 89 Ind. 382; *Dodge* v. *Davis* (1892), 85 Iowa 77, 52 N.W. 2; *Ballou* v. *Ballou, supra* [(1897), 94 Va. 350, 26 S.E. 840]; Freeman, Cotenancy § 262; *Fenton* v. *Miller, supra* [(1898), 116 Mich. 45, 74 N.W. 384]; *Van Ormer* v. *Harley, supra* [(1897), 102 Iowa 150, 71 N.W. 241]."

Paidles' claim for permanent improvements could not have been asserted against Ann Varga Monroe or her estate. Only upon partition, when the equities are adjusted, could Paidle have sought to obtain the parcel of land on which the improvements were situated or that portion of the proceeds which represents the enhanced value of his cotenant's interest. *See Carver* v. *Coffman* (1887), 109 Ind. 547, 550-51, 10 N.E. 567, 569; *Alleman* v. *Hawley* (1889), 117 Ind. 532, 20 N.E. 441.

In the present case, Hestad was not an innocent purchaser for value. She stands in the same position as did the deceased, Ann Varga Monroe, and her interest in the common property is no greater than that of the deceased. This relative position was recognized by her when she sought an accounting of the

rents and profits retained by the Paidles in excess of their share. The Paidles sought to set off against these rents and profits the amounts paid by them over the period of the co-tenancy to discharge the lien of taxes upon the common property and the value of the permanent improvements made upon the common property.

We conclude that the trial court erred when it determined that IC 1971, 29-1-14-1(a) applied to the Paidles' right to contribution for taxes paid and improvements made on the common property. We conclude that IC 1971, 29-1-14-1(e) applied to their equitable lien, and that the Paidles' failure to file a claim against the estate of Ann Varga Monroe does not affect or prevent their assertion of an equitable lien for contribution upon the interest of Hestad in the common property.

We reverse and remand for further proceedings not inconsistent with this opinion.

Hoffman, J. and Garrard, J., concur.

NOTE.—Reported at 348 N.E.2d 678.