**Joan L. CUNNINGHAM,
Plaintiff–Appellant,**

v.

**Warren R. HASTINGS,
Defendant–Appellee.**

No. 15A01–8911–CV–478.

Court of Appeals of Indiana,
First District.

June 28, 1990.

Gary W. Sorge, Lawrenceburg and Gloria K. Grinnan, Indianapolis, for plaintiff-appellant.

Russell T. Clarke, Jr., Emswiller, Williams, Nolan & Clarke, Indianapolis, for defendant-appellee.

BAKER, Judge.

STATEMENT OF THE CASE

Plaintiff-appellant, Joan L. Cunningham (Cunningham), appeals a judgment entered on her partition action in which the trial court credited defendant-appellee, Warren R. Hastings (Hastings), for the purchase money he provided to obtain certain real estate.

We reverse and remand.

STATEMENT OF THE FACTS

On August 30, 1984, Harold and Juanita Carlton conveyed by warranty deed certain real estate to Cunningham and Hastings. The deed referred to Cunningham and Has-

tings "as joint tenants with the right of survivorship, and *NOT* as tenants in common," *Record* at 16 (original emphasis), and was prepared at Hastings' direction. Cunningham and Hastings were unmarried and occupied the property jointly. After the relationship ended and Hastings took sole possession of the property, Cunningham filed a complaint seeking partition of the real estate.[1]

The trial court conducted a hearing after which it determined that Cunningham and Hastings were joint tenants in the property, each with an undivided interest in the whole. Based on its determination that the property was not susceptible of partition, the trial court ordered the sale of the property. IND.CODE 32-4-5-4. The trial court further ordered that the proceeds of the sale be applied first to cover the costs of the partition proceedings, and that the next $45,000 be paid to Hastings as a refund of the purchase price he paid out of his own funds. The remainder of the proceeds, if any, were ordered to be divided equally between the parties. Cunningham appeals the trial court's $45,000 award to Hastings in recognition of the purchase price he paid.

Cunningham presents four issues for our review which are more succinctly stated as the following single issue:

> Whether the trial court's judgment was contrary to law when it attempted to equalize the partition by awarding one joint tenant credit for the purchase price.

Although the trial court's judgment granting Cunningham's request for partition was essentially a judgment in her favor, she is nonetheless appealing a negative judgment. In her complaint, she requested the real estate be sold and that the proceeds be divided evenly. Because the trial court did not order Cunningham's request for the even division of the proceeds, its judgment constitutes a negative one. Accordingly, this court will not reverse the trial court's judgment unless it is estab-

lished to be contrary to law. *Aetna Casualty & Sur. Co. v. Crafton* (1990), Ind. App., 551 N.E.2d 893.

There is some discussion in the parties' briefs regarding whether Hastings made an inter vivos gift of the real estate to Cunningham. This discussion is not necessary to the disposition of this appeal because the decisive issue involves the determination of what interest Cunningham acquired in the real estate when her name was included on the deed as a joint tenant.

■ The parties do not dispute that the unequivocal language of the deed created a joint tenancy in the real estate. When a joint tenancy is created, each tenant acquires "an *equal* right ... to share in the enjoyment of the land during their lives." *Richardson v. Richardson* (1951), 121 Ind. App. 523, 528, 98 N.E.2d 190, 192, *trans. denied* (quoting *Case v. Owen* (1894), 139 Ind. 22–23, 38 N.E. 395) (emphasis added). A joint tenancy relationship confers equivalent legal rights on the tenants that are fixed and vested at the time the joint tenancy is created. 48A *C.J.S. Joint Tenancy* § 21 (1981).

■ This court's decision in *Becker v. MacDonald* (1986), Ind.App., 488 N.E.2d 729, *on reh'g* 491 N.E.2d 210, *trans. denied,* is instructive on the extent of Cunningham's interest in the property. *Becker* involved a joint tenancy between three parties consisting of a sister, a brother, and the brother's wife. This court and the trial court denied the sister's claim that she was sole owner of the property. This court stated that once a determination of joint tenancy was made in the partition action, the next question was whether the sister owned a one-half or one-third interest. Based on *Becker,* the determination of the parties' interests in the present case is simple. There are only two parties involved in the joint tenancy. Once a joint tenancy relationship is found to exist between two people in a partition action, it is axiomatic that each person owns a one-half interest.

---

1. Cunningham's complaint consisted of two counts. Count I sought partition of the real estate while Count II requested the court to order the sale of a jointly owned automobile and a division of the proceeds. With respect to Count II, Cunningham does not claim any error occurred in the trial court's entry of a judgment in favor of Hastings.

Based on the reasoning in *Becker*, we find that the trial court erred in allowing Hastings a $45,000 credit for the purchase price he paid. Regardless of who provided the money to purchase the land, the creation of a joint tenancy relationship entitles each party to an equal share of the proceeds of the sale upon partition. Equitable adjustments to cotenants' equal shares are allowed when the cotenants hold the property as tenants in common, *Paidle v. Hestad* (1976), 169 Ind.App. 370, 348 N.E.2d 678, not when they hold as joint tenants. The deed in the case before us unequivocally states that the parties held the property as joint tenants, not as tenants in common. The equitable adjustment of their equal shares, therefore, was improper.

At trial, Hastings presented evidence as to certain expenses he incurred with respect to the real estate. The trial court's judgment did not afford him relief for these expenses. Hastings argues in his brief that if this court reverses the trial court's award of the purchase price, we should remand the case to the trial court for a determination of Hastings' expenses. We decline to do as Hastings suggests because his request for expenses was first made at the hearing on Cunningham's partition action. The expenses claimed by Hastings were properly the subject of a counterclaim because they arose out of the same transaction that formed the basis of Cunningham's complaint. Ind.Trial Rule 13(A). T.R. 13 requires that such matters be promptly raised in the pleadings. *See also Colonial Mortgage Co. v. Windmiller* (1978), 176 Ind.App. 535, 376 N.E.2d 529 (trial court properly excluded evidence of alleged prior overpayments because it constituted matters not theretofore in dispute because party did not properly file a counterclaim seeking to recover the amounts claimed).[2] Hastings' failure to include a request for these expenses in his counterclaim resulted in no dispute being placed before the trial court on this issue. We will not rewrite the pleadings for his benefit on appeal.

The trial court's judgment is reversed and the case remanded with instructions to order the proceeds of the sale be divided equally between the joint tenants without credit given for the purchase price.

RATLIFF, C.J., concurs with opinion.

CHEZEM, P.J., concurs.

RATLIFF, Chief Judge, concurring.

I concur in the majority opinion, and, in so doing, agree that the very nature of joint tenancies involves equal rights on the part of the joint tenants. *Richardson v. Richardson* (1951), 121 Ind.App. 523, 98 N.E.2d 190, *trans. denied.* However, I do not agree with the majority's statement that the inter vivos gift issue is not relevant. The fact that Hastings made a valid inter vivos gift to Cunningham is the foundation of the joint tenancy. The joint tenancy was created when Hastings, by having the real estate placed in joint tenancy, made a valid and completed inter vivos gift of an undivided one-half interest, in joint tenancy, to Cunningham. By so doing, he gave away one-half of his contribution of the purchase price and may not revoke his gift and recover back the purchase price. When the property is sold and the net proceeds are divided equally between the two joint tenants, Hastings will receive all he is entitled to receive.

**2.** Hastings did file a counterclaim and an amended counterclaim in which he claimed that he and Cunningham had entered into an oral agreement whereby Cunningham would return the property to Hastings if the couple ever separated. In his prayer for relief, Hastings asked that Cunningham "be ordered to transfer her interest in said real estate to defendant [Hastings], that title to said real estate be solely vested in defendant [Hastings], that the title to said real estate be quieted in the name of defendant [Hastings], costs of this action and for all other proper relief." *Record* at 56. Hastings did not claim he was entitled to a set-off for any expenses, including the purchase price, in his counterclaim. By finding the existence of a valid joint tenancy and ordering partition, the trial court necessarily found against Hastings on his counterclaim. Hastings does not appeal this determination.