**Sharren M. (Garrity) GRATHWOHL,
Appellant–Respondent,**

v.

**Steven T. GARRITY, Appellee–
Petitioner.**

No. 49A02–0611–CV–1049.

Court of Appeals of Indiana.

July 30, 2007.

---

Mark Small, Indianapolis, IN, Attorney for Appellant.

Bryan Lee Ciyou, Ciyou & Dixon, P.C., Indianapolis, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary[1]

Sharren (Garrity) Grathwohl appeals the trial court's division of property in the dissolution of her marriage to Steven Garrity. We affirm and remand.

**Issues**

The restated issues we address are:

I. whether the trial court properly excluded the parties' inherited property from the marital estate; and

II. whether the trial court erred in not finding that Steven had dissipated marital property.

**Facts**

Sharren and Steven were married in 1982. They had no children. Steven originally filed for divorce in 2003, but that action was dismissed.[2] Also in 2003, both Sharren and Steven inherited real estate from their mothers. Sharren owned her property, located in Michigan, as a joint tenant "with full rights to the survivor"; her son from a previous marriage was the only other joint tenant. Ex. A.

Steven filed another divorce petition on March 14, 2006. At the final hearing, Steven testified to his belief that both parties' inherited property should be included in the marital pot, but set off separately to each party. Sharren, however, testified and argued through counsel that her inherited property should not be considered part of the marital estate at all, because of the joint tenancy with her son.

On October 2, 2006, the trial court entered its final order dissolving the parties' marriage and dividing the marital estate. Among other things, the trial court stated:

---

1. We have, by separate order, denied Sharren's motion to strike Steven's brief for allegedly containing impertinent, intemperate, scandalous, or vituperative language. We do note, however, that some of the language in Steven's brief is disrespectful to opposing counsel, such as where it describes Sharren's brief as containing "convoluted, nearly incoherent appellate analysis." Appellee's Br. p. 5. Such language is inappropriate and does not assist this court in resolving the issues on appeal. *See Hoosier Outdoor Adver. Corp. v. RBL Mgmt., Inc.*, 844 N.E.2d 157, 162 (Ind. Ct.App.2006), *trans. denied.*

2. Sharren erroneously included the CCS and several other documents related to the 2003 proceedings in her appendix. Pursuant to Steven's motion to strike, we have by separate order stricken those items from Sharren's appendix.

The Court finds that both the 2568 Forest Avenue, Bitely, Newaygo County, Michigan and 8468 Hadley Road, Camby, Indiana were clearly inheritances received from each party's respective mother. As such the Court does not consider either the real property known as 2568 Forest Avenue, Bitely, Newaygo County, Michigan or 8468 Hadley Road, Camby, Indiana as marital property. Therefore, the Court does not consider said properties part of the "marital pot" for purposes of division. *See Indiana Code 31–15–7–5, Section 2 and Stratton v. Stratton, 834 N.E.2d 1146 (2nd* [sic] *Ct.App.2005).*

App. p. 17. Excluding these properties, the trial court calculated the net marital estate at $277,537, and awarded $136,374 in net assets to Sharren and $140,163 to Steven.[3] This amounts to approximately 49% of the marital estate as found by the trial court to Sharren and 51% to Steven. Sharren now appeals.

### Analysis

The trial court here entered written findings and conclusions at Steven's request, and so we apply a two-tiered standard to review the court's judgment.

First, we determine whether the evidence supports the findings and second, whether the findings support the judgment. In deference to the trial court's proximity to the issues, we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. We do not reweigh the evidence, but consider only the evidence favorable to the trial court's judgment. Challengers must establish that the trial court's findings are clearly erroneous. Findings are clearly erroneous when a review of the record leaves us firmly convinced a mistake has been made. However, while we defer substantially to findings of fact, we do not do so to conclusions of law. Additionally, a judgment is clearly erroneous under Indiana Trial Rule 52 if it relies on an incorrect legal standard. We evaluate questions of law de novo and owe no deference to a trial court's determination of such questions.

*Carmichael v. Siegel,* 754 N.E.2d 619, 625 (Ind.Ct.App.2001) (citations omitted). The purpose of findings and conclusions is to provide the parties and reviewing courts with the theory upon which the case was decided. *Balicki v. Balicki,* 837 N.E.2d 532, 536 (Ind.Ct.App.2005), *trans. denied.*

### I. Inherited Property

■ Sharren contends the trial court erred in excluding from the marital pot the property Steven inherited from his mother in 2003. Steven responds that Sharren cannot claim error on this issue because the property she inherited from her mother in 2003 likewise was excluded from the marital pot. We believe it is necessary to address whether it was proper to exclude either piece of property from the marital pot.

■ Indiana Code Section 31–15–7–4(a) provides:

In an action for dissolution of marriage . . . the court shall divide the property of the parties, whether:

(1) owned by either spouse before the marriage;

(2) acquired by either spouse in his or her own right:

    (A) after the marriage; and

    (B) before final separation of the parties; or

---

**3.** We note that the total amount awarded equals $276,537, or $1000 less than what the trial court calculated as the total net value of the marital estate.

(3) acquired by their joint efforts.

It has been repeatedly held that this statute requires inclusion in the marital estate of all property owned by the parties before separation, including inherited property. *See Fobar v. Vonderahe*, 771 N.E.2d 57, 60 (Ind.2002); *Maxwell v. Maxwell*, 850 N.E.2d 969, 973 (Ind.Ct.App.2006), *trans. denied.* The fact that one or both spouses separately inherited property does not automatically require a deviation from a 50/50 split of the marital estate or that the inherited property be set off to the spouse who inherited it. *Fobar*, 771 N.E.2d at 60. In light of this precedent, it is clear that the trial court erred as a matter of law in excluding Steven's inherited property from the marital estate.[4]

■ The issue of Sharren's property is more complicated. She argued before the trial court that it should not be included in the marital estate, not because it was inherited property, but because she owned it jointly with her son as a joint tenant with rights of survivorship. Additionally, the trial court made a finding that "[a]pparently, neither Husband nor Wife viewed the Bitely, Michigan real estate as marital property as neither listed the Bitely property in either of their Financial Declarations filed with the Court." App. p. 17. That finding is clearly erroneous; the Michigan property plainly was listed on Sharren's financial declaration form under its "inherited property" section. Ex. B.

■ Regarding Sharren's joint tenancy argument, as a general rule an asset of a party should be included in the marital estate so long as the party has a present interest of possessory value in the asset. *See Hunt v. Hunt*, 645 N.E.2d 634, 636–37 (Ind.Ct.App.1994). "When a joint tenancy is created, each tenant acquires 'an equal right ... to share in the enjoyment of the land during their lives.'" *Cunningham v. Hastings*, 556 N.E.2d 12, 13 (Ind.Ct.App.1990) (quoting *Richardson v. Richardson*, 121 Ind.App. 523, 528, 98 N.E.2d 190, 192 (1951)). "A joint tenancy relationship confers equivalent legal rights on the tenants that are fixed and vested at the time the joint tenancy is created." *Id.* (citing 48A C.J.S. Joint Tenancy § 21 (1981)). Additionally, each joint tenant may sell or mortgage his or her interest in the property to a third party. *See Indiana Dep't of State Revenue, Inheritance Tax Div. v. Estate of Roberts*, 571 N.E.2d 1334, 1336 (Ind.Ct.App.1991). Thus, Sharren has a present right to enjoy the use of the Michigan property and a right to sell or mortgage her interest in it. This is sufficient to render her joint tenancy interest a present possessory interest for purposes of including the Michigan property in the marital estate.[5] The trial

---

4. The case cited by the trial court, *Stratton v. Stratton*, 834 N.E.2d 1146 (Ind.Ct.App.2005), was one in which the parties stipulated that inherited property should not be included in the marital estate. There was no such stipulation here. Additionally, Indiana Code Section 31–15–7–5(2), cited by the trial court, provides that the fact of inheritance *may* be a basis for deviating from a 50/50 split of the marital estate, not for excluding inherited property from the marital estate to begin with.

5. As indicated by the citation to Corpus Juris Secondum, these are general principles regarding joint tenancies not necessarily specif-

ic to Indiana and also seem to apply in Michigan, where the disputed property is located. Under Michigan law, a joint tenancy with explicit rights of survivorship creates what is also called a joint life estate with dual contingent remainders. *See Albro v. Allen*, 434 Mich. 271, 454 N.W.2d 85, 88 (1990). A joint life estate tenant may sell his or her interest in the property to a third party, but such sale does not defeat the other life tenant's contingent remainder interest. *See id.* at 90. Furthermore, such property may be partitioned. *See id.* at 93. Thus, under either Michigan or Indiana law, Sharren has the right to live on

court erred as a matter of law in excluding Sharren's joint tenancy interest in the Michigan property from the marital estate.

In *Maxwell*, we were faced with a situation in which the trial court ultimately stated that certain property inherited by the husband did not constitute marital property subject to division. Despite this error, however, we concluded, "The trial court's reasoning regarding a deviation from an equal division of property is clearly delineated." *Maxwell*, 850 N.E.2d at 973. In other words, the trial court explained why it effectively set off the inheritance entirely to the husband, beyond simply reiterating the fact that it was an inheritance. Additionally, the trial court had placed a value on the inherited property and so we were able to determine the actual total value of the marital estate and the respective percentages of the estate that the husband and wife received. *Id.*

Here, the trial court provided no explanation for why it did not include the inherited property in the marital estate, beyond simply reiterating that it was inherited property. In view of the fact that findings were requested of the trial court and that the mere fact of inheriting property does not require set off of that property to the spouse who inherited it, this was inadequate. Also, unlike in *Maxwell*, the trial court did not assign values to the parties' interests in the inherited properties, although there was evidence presented on that point.[6] Thus, we cannot determine the actual total value of the marital estate and the respective percentages of the estate that Sharren and Steven received; in other words, we cannot determine whether set off of the inherited properties resulted in a significantly different division of the estate than the 49/51 split reflected in the trial court's order. We remand for the trial court to include the parties' inherited property interests in the marital estate, to valuate those interests, and to recalculate the division of marital assets accordingly.[7]

## II. Dissipation of Assets

We also address Sharren's claim that the trial court erred in not finding that Steven had dissipated marital assets. We find no indication in the record, however, that Sharren ever asked the trial court to find that Steven had dissipated assets. If a party does not present an issue or argument to the trial court, appellate review of the issue or argument is waived. *See Nance v. Miami Sand & Gravel, LLC,* 825 N.E.2d 826, 834 (Ind.Ct. App.2005), *trans. denied.* "This rule protects the integrity of the trial court, which should not be found to have erred as to an issue or argument that it never had an opportunity to consider." *Id.* Waiver may be avoided if the newly-raised issue was inherent in the resolution of the case, the other party had unequivocal notice of the issue below and had an opportunity to litigate it, or if the trial court actually addressed the issue in the absence of argument by the parties. *Id.* We do not believe that any of these exceptions to the waiver rule applies in this case.

Waiver notwithstanding, the evidence and the trial court's findings do not compel a conclusion that Steven dissipated marital assets. Sharren specifically con-

---

the Michigan real estate and the right to alienate her interest in it.

6. In particular, Sharren and Steven presented widely disparate opinions as to the value of the Michigan property.

7. Because of our remand for recalculation and division of the marital estate, we do not address Sharren's assertion that she was entitled to a larger percentage of the estate. We do not at this time know what percentage of the marital estate Sharren actually received.

tends the evidence and the trial court's own findings demonstrate that Steven, in the last few years of the marriage, "used his income and inheritance for his own benefit to the exclusion of marital expenses." App. p. 20. In particular, Sharren complains that Steven purchased a motorcycle, bought Conseco stock that eventually became worthless, and spent money remodeling and repairing the property he inherited from his mother.

 Dissipation of marital assets includes the frivolous and unjustified spending of marital assets. *Balicki*, 837 N.E.2d at 540. "The test for dissipation is whether the assets were actually wasted or misused." *Id.* With respect to the motorcycle, its value was included in the marital estate and Sharren was awarded one-half of its value. The money Steven spent to purchase it did not completely disappear; Sharren will be compensated for Steven's purchase. Additionally, Sharren herself testified that she sometimes rode the motorcycle with Steven before their separation. Thus, Sharren enjoyed the use of this marital asset for some time.

With respect to the Conseco stock, Steven is far from the only person who became "stuck" with worthless stock in that company. If it had not lost all of its value, it too would have been included in the marital estate. The fact that Steven ultimately made a poor decision in purchasing the stock does not render such purchase frivolous. Finally, we also cannot say that the use of money to remodel and repair the property Steven inherited from his mother constituted a frivolous expenditure. The use of funds to improve the condition of what we have held is clearly a marital asset (despite the fact of Steven's inheritance) is not wasteful.

### Conclusion

We remand for the limited purpose of requiring the trial court to include both parties' inherited properties in the marital estate, to valuate those properties, and to issue a new order redistributing the marital assets accordingly. Otherwise, we affirm.

Affirmed and remanded.

NAJAM, J., and RILEY, J., concur.