**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Apr 17 2014, 10:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK SMALL**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE: THE MARRIAGE OF:                )
GORDON SOMERVILLE,                      )
                                        )
    Appellant-Respondent,              )
                                        )
        vs.                         )    No. 49A02-1308-DR-735
                                        )
EFFIE K. SOMERVILLE,                    )
                                        )
    Appellee-Petitioner.               )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Michael D. Keele, Judge
The Honorable Victoria M. Ransberger, Commissioner
Cause No. 49D07-1209-DR-36271

**April 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Respondent Gordon Somerville ("Husband") appeals from the trial court's decree of dissolution of his marriage to Appellee-Petitioner Effie K. Somerville ("Wife"). Husband argues that the trial court abused its discretion in dividing the marital estate, challenging the court's valuation of Wife's interests in a parcel of real property and a credit card account balance. Wife's interests in the real property were valued at one hundred percent of the property's equity value, and her interest in the credit card debt was valued at one hundred percent of the account balance. Finding evidence that Wife jointly held the real property and credit card account with her mother ("Mother"), we conclude that Husband established *prima facie* error with regard to the trial court's valuations. We vacate the trial court's judgment it in part and remand with instructions.

**FACTS AND PROCEDURAL HISTORY**

Husband and Wife married on September 1, 2006. On September 14, 2012, Wife petitioned for dissolution of their marriage. A final hearing on Wife's petition was held on June 11, 2013, during which Wife testified, *inter alia*, that she and Mother "jointly" owned property located at 2846 South Post Road and that it was encumbered by a mortgage in both Wife's and Mother's names. Tr. p. 79. Wife presented evidence that the property had a fair market value of $90,600.00 and a mortgage loan balance of $106,430.00. Wife requested that she be awarded "[her] portion of this, that [she] be awarded exclusive ownership and possession, along with [Mother] of this residence[.]" Tr. p. 80. Wife also testified to having a Chase Slate credit card with an account balance of $9079.00, and a credit card statement reflecting this balance was admitted into evidence. The credit card

2

statement was addressed to both Wife and Mother.

On June 25, 2013, the trial court issued its decree of dissolution of marriage, in which it found and ordered as follows:

19. The parties own three (3) parcels of real estate property. Wife shall have exclusive possession of the marital residence at 1830 Brook Crossing Way, Indianapolis, Indiana (equity value: $31,618.00) and the home at 2846 S. Post Road, Indianapolis, Indiana (equity value: -$15,830.00). Wife shall be solely responsible for any and all liabilities associated with the properties and shall hold husband harmless.

20. Husband shall have exclusive possession of the 401 Creekstone Drive, Indianapolis, Indiana, property (equity value: $33,921.00) and shall be solely responsible for any and all liabilities associated with this residence and will hold Wife harmless.

….

23. Husband shall have sole possession of the 1997 Chevy Blazer (value $2,034.00) and shall hold Wife harmless. Wife shall have sole possession of the 2007 Chevy Equinox (value -$22.00) and shall hold Husband. [sic]

24. That each party shall be responsible for any and all debts incurred in their respective names and hold each other harmless. Wife has her Chase Slate credit card (value: -9,079.00) and student loan (value: -34,798.00). Husband has not specifically listed debts.

….

27. Husband shall be the sole owner of his Purdue Federal Credit Union account (value: $2,985.00) and the Fidelity Investment account (value: $26,468.00) and any other additional accounts in Husband's name.

28. Wife shall be the sole owner of her INPRS Annuity Savings account (value: $9,669.00, INPRS PERF account (value: $1,581.00), VALIC 403 (b) account (value: $15,530.00) and all additional accounts in her name.

29. [E]qual division of the marital estate is just and reasonable.

30. Husband shall pay to Wife the sum of Thirty-three Thousand and Five Hundred ($33,500.00) to equalize the marital estate within 180 days of the Decree.

Appellant's App. pp. 6-8.

## DISCUSSION AND DECISION

Husband argues that the trial court abused its discretion in valuing Wife's interests in the Post Road property and the Chase Slate credit card debt. An abuse of discretion occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable inferences arising therefrom. *Bertholet v. Bertholet*, 725 N.E.2d 487, 494 (Ind. Ct. App. 2000). Where the trial court's valuation of a marital asset is within the range of values supported by the evidence, no abuse of discretion will be found. *Goossens v. Goossens*, 829 N.E.2d 36, 38 (Ind. Ct. App. 2005).

We note that Wife did not file an appellee's brief in this matter. When an appellee fails to submit a brief, we do not undertake the burden of developing arguments for her, and we apply a less stringent standard of review with respect to showings of reversible error. *Zoller v. Zoller*, 858 N.E.2d 124, 126 (Ind. Ct. App. 2006). That is, we may reverse if the Husband establishes *prima facie* error, which is an error at first sight, on first appearance, or on the face of it. *Id.*

### I. Post Road Property

Husband claims the trial court abused its discretion in valuing Wife's interest in the Post Road property at -$15,830.00 or one hundred percent of its equity value. The record reveals that Wife and Mother jointly owned the property and were both named on the mortgage that encumbered it. *See generally Grathwohl v. Garrity*, 871 N.E.2d 297, 301

4

(Ind. Ct. App. 2007) (holding the value of a spouse's interest in property owned jointly with unrelated third parties must be included in the marital pot subject to division). There being no findings in the trial court's decree regarding Wife and Mother's concurrent estate, we conclude that Husband has made a *prima facie* showing that Wife's interests in the Post Road property may not necessarily be one hundred percent of its equity value. We therefore vacate the trial court's judgment in that regard and remand for additional findings.

## II. Chase Slate Credit Card Debt

Husband also claims the trial court abused its discretion in valuing Wife's interest in the Chase Slate credit card debt at -$9079.00 or one hundred percent of the account balance. Husband contends that, because the credit card statement presented at trial was addressed to both Wife and Mother, the $9079.00 account balance is a joint debt for which Wife is only partially liable. There being no findings in the trial court's decree regarding Wife's and Mother's names on the credit card statement, we conclude that Husband has made a *prima facie* showing that Wife's interests in the credit card debt may not necessarily be valued at one hundred percent of the account balance. We therefore vacate the trial court's judgment in that regard and remand for additional findings.

## CONCLUSION

With regard to the Post Road property, we vacate the trial court's judgment and remand for findings as to the nature of Wife and Mother's concurrent estate, the percentage of Wife's ownership therein, and the value of her liability on the mortgage. With regard to the Chase Slate credit card debt, we vacate the trial court's judgment and remand for findings as to the nature of Wife's and Mother's names on the credit card statement and

5

the percentage of Wife's liability for the account balance.  The trial court should recalculate the division of marital assets accordingly.

The judgment of the trial court is vacated in part and remanded with instructions.

MATHIAS, J., and PYLE, J., concur.